IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC NOEL,

        Plaintiff,                    Civil No. 99-649-AS

    v.                                   FINDINGS AND RECOMMENDATION

BRIAN C. HALL, SANDRA A. HALL
fka SANDRA JOHNSON, GABRIELLE
S. LENNARTZ, HERB WEISSER, and
MICHELLE A. MERCHANT,

        Defendants.

ASHMANSKAS, Magistrate Judge:

      Defendant Herb Weisser ("Defendant") filed a motion for partial judgment on the pleadings on November 29, 2000. The motion was stayed pending an interlocutory appeal to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit remanded the action to this court on October 15, 2003, and Defendant subsequently renewed his motion for partial judgment on the pleadings. The motion is now fully briefed and properly before the court.

/ / / / /

## Background

Plaintiff Eric Noel ("Plaintiff") alleges that Defendant, in conjunction with others, violated the wire tap provisions of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §2510 *et seq.*)(the "Act") and that he has been damaged in an amount not less than $500,000 as a result of defendants' activities. Third Amended Complaint at ¶56. Plaintiff asserts that defendants' wrongful acts "each constitute a separate cognizable claim under the federal wire tap statute;" that "each separate use or disclosure of each separate tape recorded conversation constitutes a separate violation of the federal wire tap statute;" and that these acts subject "defendants and each of them to damages pursuant to 18 U.S.C. §2520(2) in the amount of not less than $10,000 for each violation." Third Amended Complaint at ¶39 and ¶ 42. Plaintiff seeks $500,000 in damages, $1.5 million in punitive damages and reasonable costs and attorney fees for defendants' violation of the Act. Defendant moves to limit Plaintiff's statutory damages to $10,000 under the express terms of the Act.

## Legal Standard

A motion for judgment on the pleadings under Fed. R. Civ P. 12(c) "faces the same test" as a motion to dismiss under Rule 12(b)(6). McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). A motion to dismiss under Rule 12(b)(6) will be granted only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1347 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987). The movant must show that there are no unresolved material issues of fact and that he is entitled to judgment as a matter of law. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984). The review is limited to the complaint, and all allegations of material fact are

taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

## Discussion

Before reaching the merits of Defendant's motion, I must address a number of procedural arguments raised by Plaintiff. First, Plaintiff argues that Defendant's motion for partial judgment on the pleadings is premature because he refers to the Fourth Amended Complaint in his motion and he hasn't filed an answer to that complaint. The operative complaint in this case is the Third Amended Complaint filed by Plaintiff on March 16, 2000.[1] Defendant answered the Third Amended Complaint on April 26, 2000. Accordingly, the pleadings are closed and ripe for a motion for judgment on the pleadings with regard to the Third Amended Complaint.

Second, Plaintiff argues that by filing his motion for judgment on the pleadings, Defendant admits to the truth of the facts contained in Plaintiff's complaint, including the amount of damages Plaintiff is entitled to recover for defendants' violations of the Act. Plaintiff relies on Bagley v. CMC Real Estate Corp., 923 F.2d 758 (9th Cir. 1991) to support this argument. However, nowhere in Bagley does the court hold that a party filing a motion for judgment on the pleadings admits all facts contained in the pleading moved against. If this were the case, any motion under Fed. R. Civ. P. 12(c) would be a concession to the entire action and would end the case. Instead, when reviewing a motion for judgment on the pleadings, the court is required to "accept all allegations of fact by the party opposing the motion as true, and construe those allegations in the light most favorable to that party." Id. at 760.

---

[1] Plaintiff's motions for leave to file and Fourth, and then a Fifth, Amended Complaint were denied by this court by opinion dated March 3, 2005.

Defendant moves to limit Plaintiff's statutory damages under the Act to $10,000. Defendant's motion does not address the amount of Plaintiff's actual damages or Plaintiff's entitlement to punitive damages and attorney fees and costs. The only question before the court is the construction of the statutory damages provision under the Act, the content of which is clearly not in dispute.

The congressional goal behind the Act was to provide "a civil remedy to victims whose privacy has been unlawfully invaded by wiretapping." Jacobson v. Bell Telephone Co. of Nevada, 592 F.2d 515, 520-21 (9th Cir. 1976)(citing legislative history).

> Without clear language to the contrary, we must assume that in providing a federal remedy for invasion of privacy through wiretapping, Congress intended to follow the traditional rule limiting compensatory damages for tortious invasion of personal rights to actual loss.

Id. at 521. Accordingly, the court must construe the damages provision of the Act strictly and award Plaintiff damages sufficient to reimburse his losses but not provide a windfall against the defendants.

The Act provides for equitable relief, damages under subsection (c), punitive damages and reasonable attorney fees and litigation costs. 18 U.S.C. §2520(b) Subsection (c) reads, in pertinent part, that:

> the court may assess as damages whichever is the greater of –
>
>  (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
>  (B) statutory damages of whichever is the greater of $100 a day for each day of the violation or $10,000.

18 U.S.C. §2520(c). Plaintiff alleges that he has been damaged in an amount of not less than $500,000 as a result of defendants' violations of the Act and that defendants are subject to damages in the amount of not less than $10,000 for each violation. Plaintiff clearly is not entitled to all the damages he seeks for violation of the Act.

First, Plaintiff is entitled to statutory damages only if they exceed his actual damages. If Plaintiff is able to prove that he suffered actual damages in an amount that exceeds the statutory damages Plaintiff is entitled to, Plaintiff is limited to this amount and will not receive any statutory damages under the Act. If Plaintiff is unable to establish actual damages in excess of $100 a day for each day of violation, he is entitled to receive statutory damages only.

If Plaintiff is limited to statutory damages, he is entitled to receive "the greater of $100 a day for each day of violation or $10,000." When calculating damages on a "per violation" basis, Congress clearly considered $100 per day to be adequate compensation. This amount applies even if the Act was violated numerous times in one day because the language limits a plaintiff to $100 per day, not $100 per violation. A plaintiff is entitled to receive more than $10,000 in statutory damages only if the violation period exceeded 100 days. If the violation period is anything less than 100 days, the plaintiff is limited to $10,000 in statutory damages.

Plaintiff alleges that he is entitled to $10,000 per violation, which clearly exceeds $100 per day. Under this interpretation, the $100 per day provision is superfluous. The Act would allow statutory damages equal to the greater of $100 per day of violation or $10,000 per violation. As every violation would qualify as a day of violation, the smallest amount recoverable per day would be $10,000. Assuming a defendant violated the Act more than once a day, the per day damage amount would be far in excess of the $100 Congress clearly considered to be sufficient.

This court finds that the Act clearly limits a plaintiff's statutory damages to the greater of $100 per day of violation or $10,000. Plaintiff is not entitled to recover $10,000 per violation, which would exceed his actual damage and qualify as a windfall. The First and Sixth Circuits, as well as a few district courts, that have specifically addressed this issue have reached the same conclusion.

See Desilets v. Wal-Mart Stores, Inc., 171 F.3d 711, 714 (1st Cir. 1999); Dorris v. Absher, 179 F.3d 420, 428 (6th Cir. 1999); Spetalieri v. Kavanaugh, 36 F.Supp.2d 92, 114 (N.D.N.Y. 1998); Romano v. Terdik, 939 F.Supp. 144, 150 (D.Conn. 1996).

Plaintiff also appears to allege that he is entitled to recover statutory damages from each of the defendants individually. The Ninth Circuit expressly rejected this argument and held that an award under the Act against multiple defendants should be joint and several, not individual. Jacobson, supra, 592 F.2d at 521.

Finally, Plaintiff is likely to argue that even if he is limited to $10,000 in statutory damages under the Act, he is entitled to an additional $10,000 for each section violated. For example, Plaintiff might argue that he is entitled to $10,000 for the illegal procurement of the tapes in violation of 28 U.S.C. §2511(1)(a) and another $10,000 for the intentional use of the tapes in violation of 28 U.S.C. §2511(1)(b). While there is some case law to support this argument, this court is convinced that the proper interpretation of the Act limits Plaintiff to one statutory award for all of defendants' violations of the Act.

Section 2520 provides the appropriate damage calculation for the interception, disclosure and intentional use of communications in violation of the Act. The language refers to "violation of this chapter" not violation of any specific section. Similarly, statutory damages are calculated based on "each day of violation" without additional damages awarded for violations of different sections of the Act. To allow a plaintiff to receive $200 on a day in which a defendant both intercepts and discloses communication would again make the congressional limitation of $100 per day of violation superfluous.

In Smoot v. United Transportation Union, 246 F.3d 633, 645 (6th Cir. 2001), the court held

that:

> liquidated damages under §2520(c)(2)(B) should not be awarded per type of violation of the Act. "Certainly, each interception separately injures a victim, as does each disclosure, and each intentional use of intercepted conversations. But [§2520(c)(2)(B)] describes only one inclusive method for calculating damages."

(quoting Desilets, supra, 171 F.3d at 714). This court agrees with the reasoning of the First and Sixth Circuits and finds that statutory damages under the Act depends solely on the number of days on which the Act was violated, not the number of different types of violations occurring each day.

In conclusion, should Plaintiff prove that any of the defendants violated the Act, he may receive, at the very least, $10,000 in statutory damages. Plaintiff alleges that defendants engaged in activity that violated the Act at various times between December 1996 and July 1998. If Plaintiff is able to prove that the alleged activity occurred on more than 100 days during this period, the court may award statutory damages of $100 for each day of violation. Similarly, if Plaintiff is able to prove that he suffered actual damages in excess of the statutory amount to which he is entitled based on this interpretation of the Act, he may receive his actual damages.

## Conclusion

Defendant's motion (#241) for renewed judgment on the pleadings should be GRANTED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **June 9, 2005**. If no objections are filed, review of the

/ / / / /

/ / / / /

/ / / / /

Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review

of the Findings and Recommendation will go under advisement on that date.

DATED this 24th day of May, 2005.

       /s/ Donald C. Ashmanskas
      DONALD C. ASHMANSKAS
      United States Magistrate Judge