UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC NOEL,

       Plaintiff,　　　　　　　　　　　　　　　　CV 99-649-AS

       v.　　　　　　　　　　　　　　　　　　　ORDER

BRIAN C. HALL, SANDRA A. HALL,
fka SANDRA JOHNSON, GABRIELLE
S. LENNARTZ, HERB WEISSER, and
MICHELLE A. MERCHANT,

       Defendants.

_____

HAGGERTY, Chief Judge:

      On November 29, 2000, defendant Herb Weisser (defendant or Weisser) filed a Motion for Partial Summary Judgment on the Pleadings. The motion was stayed pending an interlocutory appeal to the United States Court of Appeals for the Ninth Circuit. On October 15, 2003, the Ninth Circuit remanded the action to this court, and on January 20, 2005, defendant renewed his motion. On May 25, 2005, Magistrate Judge Ashmanskas issued a Findings and Recommendation (Doc. #260), in which he recommended granting defendant's motion.

1 – ORDER

Plaintiff filed objections to the Findings and Recommendation, and defendant filed a response. The matter is now before the court pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). When a party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court has conducted a *de novo* review of this issue, including a careful analysis of the Findings and Recommendation, plaintiff's objections, and the relevant case law. The court finds that the Magistrate Judge's reasoning is sound and that his recommendation is entitled to adoption.

**DISCUSSION**

The relevant facts of this case are familiar to the parties and have been recited in the Magistrate Judge's Finding and Recommendation. They need not be repeated here.

Plaintiff asserts the following objections to the Magistrate Judge's Findings and Recommendation: (1) defendant's motion on the pleadings is not timely because the pleadings are not closed and (2) the Magistrate Judge incorrectly construed 18 U.S.C. 2520(c)(2)(B) to permit only $10,000 in statutory damages regardless of the number of times a victim's injury is compounded by subsequent uses or disclosures of the contents of the illegally intercepted communications.

<u>1. Is defendant's motion timely?</u>

Plaintiff argues that defendant's motion on the pleadings is not appropriate at this time because two of the five defendants have not filed an answer to the Third Amended Complaint. Federal Rule of Civil Procedure 12(c) permits a motion on the pleadings "[a]fter the pleadings are closed." Fed R. Civ. P. 12(c). Generally, this means that all defendants to an action must have filed an answer before a Rule 12(c) motion may properly be filed.

*Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 894 (N.D. Cal. 1993).

However, courts have exercised their discretion to permit a motion on the pleadings before all defendants have filed an answer where no prejudice to any party would result. *See*, *e.g.*, *id.* (considering Rule 12(c) motion even though all defendants had not yet answered because otherwise plaintiff could avoid Rule 12(c) motion simply by not serving one defendant); *Jung v. Ass'n of Am. Med. Coll.*, 339 F. Supp. 2d 26, 35-36 (D. D.C. 2004) (where twenty-nine defendants brought a motion under Rule 12(c) but only fifteen had filed an answer, court considered the motion under Rule 12(c) for defendants who had answered and under Rule 12(b)(6) for defendants who had not).

Here, it is unclear why two of the defendants have failed to answer the Third Amended Complaint, which was filed more than five years ago. Nonetheless, it is a proper exercise of discretion for this court to consider defendant's motion on the pleadings in light of the fact that defendant Weisser long ago filed an answer to the Third Amended Complaint. Furthermore, defendant's motion does not seek to dismiss any claims nor is it based on a factual dispute. Rather, the motion raises a purely legal question, and the resolution of this issue at this juncture will not cause prejudice to any party.

2.  <u>Statutory damages</u>

Plaintiff alleges that defendant, in conjunction with others, violated the wire tap provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, et seq, (the Act) at various times between December 1996 and July 1998. The Act provides:

> In general.--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). The Act provides for damages as follows:

3 – ORDER

> (2) In any other action under this section, the court may assess as damages whichever is the greater of–
>
> > (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> >
> > (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c).

Plaintiff alleges that his wire communications were intercepted one time and then subsequently used and disclosed on many different occasions. He argues that the interception and every subsequent use and disclosure of the recorded communication constituted a separate violation for which statutory damages are available. In other words, plaintiff argues that he is entitled to recover $10,000 for the interception, another $10,000 for the first time defendant used the interception, another $10,000 for the second time defendant used the interception, another $10,000 for each disclosure of the interception, and so on.

Defendant argues that, unless the violation continued for more than 100 days, a plaintiff's statutory damages are limited to $10,000 — no matter how many discrete times the Act was violated and no matter by what combination of intercepting, using, and disclosing. In the motion currently before the court, defendant seeks an order construing the language in 18 U.S.C. § 2520(c)(2)(B) as such.[1]

The Ninth Circuit has not addressed this issue. However, the First and Sixth Circuits have construed 18 U.S.C. § 2520(c)(2)(B) as limiting a plaintiff's recovery to $10,000 — unless the Act was violated for more than 100 days — regardless of the number of violations

---

[1] Defendant's motion goes only to the construction of the statutory damages provision of the Act. There is no dispute that plaintiff is entitled to his actual damages if they prove to be greater than the statutory damages.

4 – ORDER

and regardless of whether they were interceptions, uses, or disclosures. *See Smoot v. United Transp. Union*, 246 F.3d 633, 644-45 (6th Cir. 2001); *Desilets v. Wal-Mart Stores, Inc.*, 171 F.3d 711, 714 (1st Cir. 1999). These cases provide thorough examinations and well-reasoned analyses of this issue, which the Magistrate Judge found to be persuasive. This court agrees with the reasoning in *Desilets, Smoot*, and the Magistrate Judge's Findings and Recommendation.

**CONCLUSION**

For reasons stated above, the court adopts Magistrate Judge Ashmanskas' Findings and Recommendation (Doc. #260). Defendant's Renewed Motion for Judgment on the Pleadings (Doc. #241) is GRANTED.

IT IS SO ORDERED.

Dated this  16  day of August, 2005.

                                                                  /s/Garr M.King for  
                                                                     Ancer L. Haggerty  
                                                              United States District Judge