THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC NOEL,

       Plaintiff,                                     Civil No. 99-649-AS

      v.                                             O R D E R

BRIAN C. HALL, SANDRA A. HALL, fka
SANDRA JOHNSON, GABRIELLE S. LENNARTZ,
HERB WEISSER, and MICHELLE A. MERCHANT,

       Defendants.

HAGGERTY, Chief Judge:

       On September 20, 2005, Magistrate Judge Ashmanskas issued a Findings and Recommendation [302] recommending that defendant Weisser's Motion for Summary Judgment [133] should be GRANTED and that judgment in favor of Weisser on all of plaintiff's claims should be entered.

       Plaintiff objects to the Findings and Recommendation. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of

1 -- ORDER

that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach.,Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff's objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire Record. For the following reasons, the Findings and Recommendation is adopted.

## ANALYSIS

Plaintiff's objections attack the Findings and Recommendation broadly and in its entirety. Accordingly, this court's analysis addresses each of plaintiff's underlying claims and how each is resolved by the Findings and Recommendation. Plaintiff's more general objections to the Findings and Recommendation's methodology and acceptance of the parties' undisputed facts have been reviewed and are rejected.

Specifically, plaintiff's renewed advancement of the "law of the case" doctrine with regard to factual issues in this matter is unavailing. Additionally, this court concludes that the Findings and Recommendation exercised proper deference to all applicable legal issues addressed previously in these matters. Plaintiff's objections to the exercise by defendant Weisser of the attorney-client privilege in various instances are also without merit.

Additionally, this court acknowledges that it has considered the two decisions plaintiff presented as supplemental authorities in support of the objections. One of the decisions is no longer good law. *Boehner v. McDermott*, 441 F.3d 1010 (D.C. Cir. 2006), *judgment vacated* June 23, 2006. Moreover, the facts of that ongoing litigation are readily distinguishable from the issues addressed in the challenged Findings and Recommendation here.

The second supplemental authority is *United States v. Williams*, 441 F.3d 716 (9th Cir. 2006). The defendant in that case was convicted in the United States District Court for the District of Oregon of mail and wire fraud and money laundering. The defendant appealed and his convictions were affirmed in all respects. *Id*. at 441 F.3d at 719. This decision in no way alters the grounds upon which the Findings and Recommendation concluded that plaintiff is precluded from amending his action to now assert a civil action under the Racketeer Influenced and Corrupt Organizations statute (RICO). *See* 18 U.S.C. § 1961 *et seq*.

As has been scrutinized thoroughly previously, the primary parties to this action have been involved in numerous lawsuits regarding the ownership of a horse and a mobile home. The Findings and Recommendation at issue here addressed alleged damage to this mobile home and its contents, and possible liability under federal and state wiretap statutes for taking, copying, and using and disclosing the contents of cassette tapes of recorded telephone conversations. The Findings and Recommendation concluded that defendant Weisser is entitled to summary judgment on each of plaintiff's claims.

A *de novo* review of how the Findings and Recommendation addressed plaintiff's ten claims as they involved defendant Weisser follows.

**1.      First Claim for Relief - Violations of Federal Wiretap Statute**

Plaintiff alleges that defendant Weisser violated the provisions of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. §§ 2510, *et seq.*) (the Act) by conduct that included, allegedly, directing defendant Lennartz to copy the tapes, using the tapes' contents to assert a counterclaim and to settle a lawsuit, and providing copies of tapes to third parties. The Findings and Recommendation concluded that defendant Weisser is entitled to summary judgment regarding this claim on multiple grounds.

First, the Findings and Recommendation determined correctly that plaintiff lacks standing to object to the copying of any conversation to which he was not a party, eliminating all but two or three conversations as a basis for the claim. The interception of those few conversations for which plaintiff has standing to sue was viewed properly by the Findings and Recommendation as legal under the Act. Findings and Recommendation at 14. Consequently, the Findings and Recommendation concluded correctly that Weisser did not violate the Act by either disclosing or using the contents of those conversations to which Plaintiff has standing to object.

Second, the Findings and Recommendation undertook an exhaustive, thorough examination of Ninth Circuit case law and applicable legislative history regarding whether the actions of defendant Lennartz could be deemed an "aural acquisition" of the tapes, or whether plaintiff's tapes could be construed as "electronic storage" under the terms of the Act. Findings and Recommendation at 11-14. This court has reviewed that analysis and available legal authorities and concurs with the Findings and Recommendation. Accordingly, Lennartz did not aurally acquire the tapes as defined by the Act, and his copying of Plaintiff's tapes was not an intercept of a wire communication and did not violate the Act. The Findings and Recommendation concluded correctly that Weisser is entitled to summary judgment regarding plaintiff's First Claim for Relief.

**2.      Second Claim for Relief - Violations of State Wiretap Statute**

Plaintiff disagrees with the Findings and Recommendation's conclusions that plaintiff has no private right of action for violation of Oregon's criminal wiretap statutes. Plaintiff asserts that he should be permitted to reconstruct these claims as a claim for violation of privacy. This court adopts the reasoning and conclusions of the Findings and Recommendation with regard to this claim, and rejects plaintiff's attempt to raise a new claim for relief in the aftermath of the Findings and Recommendation. Defendant Weisser is entitled to summary judgment on Plaintiff's Second Claim for Relief.

4 -- ORDER

3.       **Third Claim for Relief - Loss of Use of Home; Fourth Claim for Relief - Damage to Mobile Home; Fifth Claim for Relief - Damage to Personal Property**

The Findings and Recommendation evaluated plaintiff's next three claims collectively. Plaintiff alleged in these claims that "as a result of the act of defendants Brian Hall and Sandra Hall," plaintiff was unable to use his mobile home and also suffered damage to the mobile home and his personal property.

The Findings and Recommendation determined properly that there is no evidence presented that defendant Weisser was involved in any of the alleged actions that led to the injuries plaintiff has described. Specifically, there is no evidence that defendant Weisser advised or encouraged his clients to damage the mobile home or plaintiff's property. The Findings and Recommendation arrived upon these conclusions after fairly evaluating the evidence, and making all reasonable inferences of the factual issues in favor of plaintiff. This court adopts the Findings and Recommendation's conclusion that defendant Weisser is entitled to summary judgment on all of these claims.

4.       **Sixth Claim for Relief - Intentional Interference with Contractual Relations**

Plaintiff objects to summary judgment being entered as to defendant Weisser regarding this claim on grounds that Weisser did not seek such a ruling. This court adopts the Findings and Recommendation's conclusion that, to the extent that plaintiff might possibly attempt to interpret the allegations that defendants Lennartz and Sandra Hall induced plaintiff's clients to cancel their agreements with plaintiff for horse training or riding as also giving rise to an action against defendant Weisser, Weisser is entitled to summary judgment.

Plaintiff appears to complain that the nature of this conclusion is *sua sponte* within the context of the Findings and Recommendation and the briefing. To the extent that this is so, that fact fails to diminish the propriety of granting Weisser summary judgment regarding this claim.

5 -- ORDER

5.     **Seventh Claim for Relief - Breach of Fiduciary Duty Against Sandra Hall Regarding Horse**

The Findings and Recommendation concluded correctly that plaintiff failed to support the claim against defendant Weisser for breach of fiduciary duty. Defendant Weisser's representation of Sandra Hall occurred in 1997. He counseled Hall about possible counterclaims against plaintiff. Subsequently, the trial court concluded that there was no partnership. The Findings and Recommendation recognized that because of "the absence of clear evidence that a partnership existed, Weisser could not be found to have 'knowingly' assisted Sandra Hall to breach her fiduciary duties to Plaintiff." Findings and Recommendation at 19. This court adopts this portion of the Findings and Recommendation and concludes that plaintiff has failed to support a claim for breach of fiduciary duty against Weisser. Defendant Weisser is granted summary judgment on this claim.

6.     **Eighth Claim for Relief (Blackmail) and Ninth Claim for Relief (Extortion)**

Plaintiff concedes that he has no private right of action for these claims, but nevertheless seeks leave of the court to reform these allegations into a civil "RICO" claim. As stated previously, attempts at this stage to amend or assert new claims are improper. This court adopts the Findings and Recommendation's conclusion that plaintiff is unable to support his claims for extortion or blackmail against Weisser, who is entitled to summary judgment on these claims.

7.     **Tenth Claim for Relief - Injurious Falsehoods**

The Findings and Recommendation concluded that statements Weisser may have published that could foreseeably cause harm to plaintiff were made in open court and in court pleadings. As such, these statements were pertinent and relevant to the issues before the court and are construed as absolutely privileged. *See McKinney v. Cooper*, 98 P.2d 711, 713 (Or. 1940).

Plaintiff's subsequent attempts to target other, non-court-related statements that defendant Weisser allegedly made are rejected. As noted above, such attempted reconstructions by plaintiff of his

unsuccessful claims are, at this stage in the litigation, unfairly prejudicial and are improper. Moreover, plaintiff's revised allegations are unsupported in the record before the court. Defendant Weisser is entitled to summary judgment as to this claim.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Ashmanskas's Findings and Recommendation [302] recommending that defendant Weisser's Motion for Summary Judgment [133] should be granted and that judgment in favor of Weisser on all of plaintiff's claims should be entered is adopted.

IT IS SO ORDERED.

Dated this  28  day of July, 2006.

                                                     /s/Ancer L.Haggerty
                                                        Ancer L. Haggerty
                                                   United States District Judge