IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ERIC NOEL,                                                    Civ. No. 99-649-AC

                                Plaintiff,                    FINDINGS AND
                                                              RECOMMENDATION
              v.

MYRNA A. HALL, trustee and personal
representative of the ESTATE OF BRIAN
C. HALL, deceased, SANDRA A. HALL,
fka SANDRA JOHNSON, GABRIELLE S.
LENNARTZ, HERB WEISSER, and
MICHELLE A. MERCHANT,


                                Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

    Plaintiff Eric Noel ("Noel") moves to reinstate six wiretap and related claims against

defendant Sandra Hall ("Hall").  In September 2000, Judge Haggerty dismissed these claims, finding them barred as compulsory counterclaims that Noel should have brought against Hall during the Washington State court lawsuits between the two.  *Noel v. Hall, et al.*, Case No. 99-649-AS, 2000 WL 1364227, *11 (D. Or. Sept. 15, 2000).  Three years later, in September 2003, the Ninth Circuit Court of Appeals affirmed Judge Haggerty's dismissal of Noel's wiretap and related claims.  *Noel v. Hall, et al.*, 341 F. 3d 1148 (9th Cir. 2003).[1]

Noel's idea to resurrect his long-adjudicated wiretap claims against Hall sprouts from a February 15, 2011, judgment filed in the Washington State District Court for Clark County.  That judgment, stipulated to by Noel and Hall, purports to declare as "void" the parties' prior district court case in that county, and all proceedings in that case, for lack of the district's court subject matter jurisdiction over that prior case.  (Grant Declaration (#455), Exhibit 2.)  With this document as his authority, Noel proclaims as retroactively invalid all decisions in this federal case that relied on the prior Clark County District Court case to dismiss as barred his wiretap claims.  Specifically, Noel targets Judge Haggerty's 2000 summary judgment decision that dismissed his wiretap claims and the 2003 Ninth Circuit opinion affirming Judge Haggerty's decision.  (Plaintiff's Motion to Reinstate (#454) at 2.)  Because the district and appellate courts premised their decisions on Noel's failure to assert compulsory counterclaims in the prior Clark County District Court case, and because that court

---

[1] The parties' relationship began in May 1995 with Hall's purchase of a $750 horse that Noel had agreed to train, and Hall's sale of a $5,000 mobile home to Noel.  Their litigation began two years later in the Washington State courts, where they sued and countered-sued each other in five separate lawsuits between 1997 and 1999 for real or perceived wrongs relating to the horse, the mobile home, and tape recordings of some phone calls.  Their legal brawl tumbled into the federal courts in May 1999, when Noel filed the current case against Hall and five other individuals.  Since then, their procedural grappling in this case has generated three separate court of appeals opinions and at least five separate written district court dispositions of various motions and cross-motions.

never had subject matter jurisdiction, Noel declares that his wiretap and related claims must be reinstated. It is Noel's position that the federal courts must honor the Clark County District Court judgment and, as such, the basis of the federal courts' prior decisions never actually existed. *Id.* at 3.

Noel is wrong and his motion to reinstate should be denied. First, Noel's wiretapping claims are compulsory counterclaims that he should have brought against Hall in their Skamania County litigation. Noel overlooks that this court previously dismissed his wiretapping claims as counterclaims he should have brought against Hall in both the Clark County and the Skamania County Superior Court lawsuits. In fact, Noel asserted those claims and then agreed to their dismissal. Noel's current motion does not challenge that basis of this court's prior decision and his use of the new Clark County judgment has nothing to do with and no effect on that prior ruling. Second, res judicata bars reinstatement of these claims, as this court previously considered and decided, and the Ninth Circuit affirmed, the jurisdictional arguments Noel now raises. Third, the law of the case doctrine bars reinstatement of his wiretap and related claims, as this court dismissed those claims over ten years ago and the Ninth Circuit affirmed that dismissal. Finally, Noel has waived his current argument, as he never raised it when these issues first were presented to this court on summary judgment and affirmed by the Ninth Circuit on his appeal. Accordingly, Noel's motion should be denied.

*Factual Background*

The parties' procedural history is lengthy and complex, as it comprises both multiple state court lawsuits, which first began in 1997, and this lawsuit, which Noel filed in 1999. The court will

describe only those facts and procedural events relevant to Noel's current motion to reinstate.[2]

In May 1997, Noel sued Hall in Washington Superior Court for Skamania County, alleging that Hall wrongfully dissolved their partnership and seeking relief in the form of an accounting and dissolution of the partnership.  The object of that alleged partnership was Red Hot Prospect ("Red"), a horse that Hall, a Skamania County resident, had agreed to buy and Noel, owner and operator of a horse riding academy in Clark County, Washington, had agreed to train.  Hall denied any partnership and counterclaimed against Noel, alleging that if a partnership did exist, Noel had breached the partnership agreement.  She also asserted counterclaims, alleging that Noel had unlawfully tape recorded her telephone conversations, violating both Hall's privacy as well as state and federal wiretap statutes.  Noel responded with his own counterclaims, including one alleging that Hall herself had violated state and federal wiretap statutes.

In January 1998, while Noel's Skamania County action was pending against her, Hall filed a lawsuit against Noel in Clark County District Court.  In this action, Hall alleged that Noel violated federal and state wiretap statutes.  Noel answered Hall's complaint not by challenging the district court's jurisdiction to hear the case, but with a report that this issue was already being litigated in Skamania County Superior Court.  Noel requested leave to file a counterclaim if the Clark County case was not dismissed.

Subsequently, Hall moved in the Skamania County case to voluntarily dismiss her counterclaims arising from the tape recordings, the same counterclaims that had prompted Noel to

---

[2]  The facts are derived from the documents contained in the court's file, as well as from the following reported decisions involving the parties:  *Noel v. Johnson*, No. 24005-0-III, 2000 WL 1335304 (Wash. Ct. App. Sept. 15, 2000); *Noel v. Hall, et al.*, No. 99-649-AS, 2000 WL 1364227 (D. Or. Sept. 15, 2000); and *Noel v. Hall, et al.*, 341 F.3d 1148 (9th Cir. 2003).

respond back with his own wiretap counterclaims. Hall stated: "The reason for the voluntary dismissal is that there is another action pending in Clark County [and] that forum would be more convenient to the parties, and that these issues do not bear directly on the partnership issues to be tried to the jury herein." *Noel v. Hall*, No. 99-649-AS, 2000 WL 1364227, at *2 (D. Or. Sept. 15, 2000). Noel did not oppose Hall's motion. Thus, in May 1998, the Skamania County Superior Court dismissed the counterclaims of both Hall and Noel that were related to wiretapping and violation of privacy, but the case continued on Noel's original claims. Although Noel had requested leave to file a wiretap counterclaim against Hall if the Clark County case was not dismissed, that case was not dismissed and Noel never filed or asked for leave to file any wiretap counterclaims in the Skamania County case.

In October 1998, the Skamania County Superior Court found that Noel and Hall had entered into an agreement but not a partnership. The court awarded Noel $4,909 in damages, plus attorney fees and costs. Not satisfied with that result, Noel filed an appeal in the Washington Court of Appeals.

In May 1999, while his state appeal was pending, Noel filed this federal lawsuit against Hall and five other defendants. In the months following his initial complaint, Noel sought to and did amend his complaint at least three times. During these several amendments, Noel added his claims against Hall for violation of federal and Oregon wiretap laws. The federal case was the first – and, apparently, only – occasion following the Skamania County court's dismissal of Hall's and Noel's respective wiretap claims that Noel had asserted his wiretap claims against Hall. Those claims were at issue between the parties by December 8, 1999, when Hall filed her summary judgment motion against all of Noel's claims.

FINDINGS AND RECOMMENDATION          5                              {JVA}

In August 1999, fifteen months after Noel's wiretap counterclaims in the Skamania County Superior Court had been dismissed, the Clark County District Court granted summary judgment in favor of Hall.  The court specifically found Noel had recorded Hall's calls in violation of state and federal wiretap laws.  The court ordered Noel to pay Hall $2,500 in damages and $2,866 in attorney fees.  Nothing in the record of the current case shows that Noel appealed the Clark County District Court's judgment.

In September 2000, the Washington Court of Appeals reversed the Skamania County Superior Court's determination that the parties had made an agreement and not a partnership.  The court of appeals found a partnership had been formed, and remanded the case to the Skamania County Superior Court for further proceedings.[3]  Nothing in the record of the current case shows that Noel pursued his wiretap claims against Hall following the remand.

On September 15, 2000, District Judge Haggerty adopted Magistrate Judge Ashmanskas's recommendation that summary judgment should be granted in favor of Hall and against Noel on all of Noel's wiretap claims because Noel could have brought those claims against Hall in either the Clark County District Court case or the Skamania County Superior Court case.  *Noel v. Hall, et al.*, 2000 WL 1364227, at *4-5, *11 (D. Or. Sept. 15, 2000).  Judge Ashmanskas observed, and Judge Haggerty agreed, that Washington's compulsory counterclaims rule is based on the "logical relationship" test to determine whether two claims arise out of the same transaction or occurrence.  *Id*. at *4; *11.  The question is not whether a party was "required" to bring the claims but whether the party "should have" brought the claims because they logically related to the same occurrences

---

[3]  The court of appeals' opinion is officially unpublished but is reported in Westlaw.  *See Noel v. Johnson*, No. 24005-0-III, 2000 WL 1335304 (Wash. Ct. App. Sept. 15, 2000).

or transactions in the prior lawsuit. *Id.* Noel should have brought his wiretap claims in the Skamania County Superior Court case; because he did not, those claims were barred. *Id.* at *5, *11. On this point, both Judge Ashmanskas and Judge Haggerty relied on the parties' prior cases against each other in Washington State courts arising from the same facts as the federal case. *Id.* at *5 (referring to "the earlier cases"), and *11 (referring to "claims previously litigated in multiple state actions").

In addition, both Judge Ashmanskas and Judge Haggerty reached this conclusion after rejecting Noel's subject matter jurisdiction argument. Noel argued there, as he does now, that he could not have brought his wiretap counterclaims in the Clark County District Court because his wiretap claims exceeded in value that court's jurisdictional ceiling. *Id.* at *4-5. Judge Ashmankas concluded and Judge Haggerty agreed that Noel could have brought his wiretap claims in the district court because of the availability of procedures for removal to superior court, and that he should have brought the wiretap claims in the district court case or the superior court case. *Id.* at *4-*5 (noting that Noel voluntarily dismissed his wiretap claims in Skamania County in favor of the Clark County forum, then "did not pursue his wiretapping claims), and *11 (observing that Noel elected to proceed in Clark County and not in Skamania County).

On September 2, 2003, the Ninth Circuit affirmed Judge Haggerty's grant of summary judgment on Noel's wiretap claims. *Noel v. Hall*, et al., 341 F.3d 1148 (9th Cir. 2003). The court reviewed the history of the parties' multiple lawsuits against one another, including the procedural history and outcomes of both the Skamania County and Clark County lawsuits. *Id.* at 1152-53. Regarding Noel's wiretapping claims, the court began by framing the issue as "whether Noel's nine wiretapping claims against [Hall] were or should have been litigated in the earlier state proceedings,

and therefore are claim-precluded in this court." *Id*. at 1166.  The found in the affirmative:

> We hold that Noel's six wiretapping claims against Sandra Hall . . . are claim-precluded as unasserted compulsory counterclaims.  Noel should have asserted these claims as counterclaims in Sandra Hall's 1998 Clark County District Court lawsuit, in which Sandra Hall accused Noel of wiretapping and privacy violations for tape recording her telephone conversations.

*Id*. at 1167.

The court then addressed and rejected the subject matter jurisdiction argument that Noel resurrects in his current motion.  Specifically, the Ninth Circuit observed:

> Under Washington law, when a court lacks jurisdiction over the subject matter of a counterclaim, it cannot hear and determine the issues raised in the claim.  Thus, the failure to assert a counterclaim under such circumstances does not act as a bar to a subsequent action in a proper forum. . . .  Noel argues that his wiretapping claims were not compulsory counterclaims because the damages he sought exceeded the Clark County District Court's statutory limit, and therefore it lacked jurisdiction to hear his claims.  We disagree.

*Id*. (citations omitted).  The court first reviewed Washington's procedural rules and noted that the assertion of the wiretapping counterclaims, under those rules, "would have required" the district court to remove the case to superior court.  *Id*.  Having dispensed with Noel's first jurisdictional point, the court then dispensed with Noel's second jurisdictional point that the district court lacked the authority to hear his federal wiretapping claims:  "Again, we find no merit in his argument." *Id*.  The court rejected Noel's various arguments that the state district court lacked jurisdiction to hear his federal claims, noting that none of the authorities upon which Noel relied precluded a state court, including the Washington State district court, from presiding over such claims.  *Id*. at 1167-68.

The Ninth Circuit then turned to Noel's compulsory counterclaim argument and found it equally without merit.  The court of appeals first reviewed Washington State law on compulsory counterclaims, which requires that the counterclaims must arise from the same transaction or

occurrence, must not require the presence of additional parties over whom the prior court did not

have jurisdiction, must not have been the subject of another pending action, and must lie against the

opposing party.  *Id*. at 1168.  The court first observed that Noel's wiretapping claims "arose from

the events surrounding the same horse, same mobile home, and same tape recordings as those in the

state-court suits." *Id*. at 1168.  The concluded that the claims Noel asserted in the federal case were

the same claims that were the subject of the Clark County District Court lawsuit; as such, the two

sets of claims were "logically related" within the meaning of Washington law and, thus, arose from

the same transaction or occurrence.  *Id*. at 1168-69.

 After finding Noel's claims in the federal case did not require the presence of additional

parties "over whom the Washington courts could not have acquired jurisdiction," the Ninth Circuit

turned to Noel's argument that his wiretapping claims were not barred as compulsory counterclaims

because another action between him and Hall was pending in Skamania County at the same time as

the Clark County action.  *Id*. at 1168.  The court noted that Hall and Noel voluntarily dismissed their

respective wiretapping claims from their Skamania County lawsuit four months after the Clark

County action was filed.  *Id*. at 1169-70.  Important to the current motion, the Ninth Circuit noted

that Noel had asserted the Skamania action "as a defense" to Hall's wiretapping claims in the Clark

County action, but that Noel did not oppose Hall's motion to dismiss those claims from the

Skamania action and "elected not to amend his pleadings in the Clark County action to assert his

wiretapping claims as counterclaims in that suit." *Id*. at 1170.  The court concluded that Washington

law would not have barred such an amendment and that Noel never argued in the Ninth Circuit

appeal "that he could not have asserted his wiretapping claims in the Clark County suit after they

were dismissed from the Skamania County suit." *Id.*[4]  Thus, the Ninth Circuit affirmed Judge

Haggerty's dismissal of Noel's wiretapping claims as unasserted compulsory counterclaims.

Eight years later, on February 15, 2011, the Clark County Superior Court instructed the

district court to vacate its prior judgment and dismiss the long-resolved Clark County case.  It wrote:

> That the proceedings in Clark County District Court Case No. 256087-3 be declared
> VOID and without effect for lack of subject matter jurisdiction; that the Judgment in
> favor of Sandra Hall and against Eric Noel, entered on February 9, 1999 and the
> Findings of Fact and Conclusions of Law entered on August 4, 1999 shall be
> VACATED; that the Void proceedings shall not be used to support any allegation
> that Plaintiff intercepted wire communication or committed any other crime; and that
> Case No. 256087-3 be dismissed.

(Grant Declaration, Exhibit 2 at 2.)  On the basis of this judgment, Noel seeks to reinstate his wiretap

claims against Hall.

*Discussion*

I.    Preliminary Procedural Matters

    A.    *Deferral of Ruling*

Hall first urges the court to defer ruling on this motion pending its ruling on the summary

judgment motion already before the court regarding Noel's wiretapping claims against her husband,

Brian Hall.  She argues that because the claims against her and those against her deceased husband,

Brian, are based on the same collective act and will thus share the same fate, the court's ruling on

summary judgment will necessarily apply to her as well.  Accordingly, Hall's reasoning goes, the

court's summary judgment ruling could potentially moot this motion and so the court should defer

---

[4]  The Ninth Circuit also found that Hall was an "opposing party" in the Clark County case
and the federal case, regardless of whether other parties also were the subject of his federal lawsuit,
and Noel thus should have brought his wiretapping claims against her in the Clark County case.  *Id.*
Having failed to do so, those claims were precluded.  *Id.*

its ruling.

The court declines to defer ruling on Noel's current motion. First, Hall may be correct that the claims against her and Brian Hall will rise and fall together at summary judgment, but the merits of the underlying claims are not at issue in this motion. Rather, the court must decide the procedural question of whether Noel may reinstate his wiretapping claims against Hall, which claims were never decided on their merits. Second, it would not make sense – either as judicially efficient or practically logical – for the court to defer ruling on Noel's current motion, address the motions for summary judgment and then, after the fact, consider whether the subject claims should have been reinstated and, if so, whether the claims against Hall are so similar, legally and factually, to those of Brian Hall that the court may reach an identical conclusion. It is simpler to address the reinstatement issue prior to addressing summary judgment.

> B.    *Rooker-Feldman*

Hall argues that *Rooker-Feldman* does not require that this court recognize the recent state court judgment as invalidating the prior dismissal in federal court of the subject claims. The principle underlying *Rooker-Feldman* is relatively straightforward: "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d at 1154. The difficulty in applying *Rooker-Feldman* arises where the attempted appeal is not outright. "*Rooker-Feldman* becomes difficult – and, in practical reality, only comes into play as a contested issue – when a disappointed party seeks to take not a formal direct appeal, but rather its de facto equivalent, to a federal district court." *Id.* at 1155.

A *Rooker-Feldman* analysis is neither required nor appropriate here. Noel's current motion does not seek to appeal the Clark County judgment, to which both he and Hall stipulated, nor does it ask this court to rule on its validity. Instead, Noel's current motion relies on the recent Clark County judgment to undo this court's prior ruling on his wiretapping claims. Resolving this question does not call into question the state court's recent judgment, but instead requires this court to determine the effect, if any, of that judgment on its prior rulings. Thus, analysis under *Rooker-Feldman* is not required.

C.    *Necessity of State Court Decision*

Finally, Hall argues the state court's prior decision that Noel violated wiretap statutes is not necessary to finding in favor of Defendants on the wiretapping claims, and that the law of the case doctrine applies to the state court's finding that Noel violated wiretap statues. These arguments go to the merits of the underlying summary judgment motion and the court will not address them here. Rather, these arguments will be addressed at summary judgment.

II.    Reinstatement

A.    *Compulsory Counterclaims*

Noel's current motion focuses exclusively on the effect of the new Clark County judgment on this court's prior ruling on summary judgment that his wiretapping counterclaims were compulsory counterclaims that should have been asserted in that case. However, the compulsory counterclaim analysis employed by this court with respect to the Clark County lawsuit applies with equal force to the Skamania County lawsuit Noel initiated against Hall in 1997.

In Skamania County, Noel sued Hall over the alleged partnership involving Red. Hall counterclaimed with her wiretapping claims and Noel responded with his own wiretapping

FINDINGS AND RECOMMENDATION        12                            {JVA}

counterclaims. Several months later, Noel agreed to the voluntary dismissal of his claims. The subsequent Clark County lawsuit does not affect the Skamania County lawsuit's significance to the compulsory counterclaim analysis, as all the factors to be considered were present in the Skamania County lawsuit. Not only should have Noel raised his wiretapping claims in that lawsuit, he *did* raise them. Judge Ashmanskas noted this in his Findings and Recommendation, and Judge Haggerty did as well. The Skamania County lawsuit was as important to the compulsory counterclaim analysis as the Clark County lawsuit, and both judges relied on this in finding Noel's wiretapping claims barred.

Noel fails to address the significance of the Skamania County case. Importantly, the Skamania County lawsuit does not suffer from the jurisdictional flaw Noel cites as the basis for his entire argument in the current motion; there is no question that the superior court in that county had the jurisdiction to hear Noel's wiretapping claims. Noel acknowledged as much when he responded to Hall's wiretapping counterclaims with his own battery of wiretapping claims. In sum, the claims Noel seeks to reinstate now were dismissed by this court eleven years ago because Noel should have raised those claims in the various state court cases between he and Hall before Noel sued Hall in this court.

Alternatively, to the extent this court's prior ruling did not rely on the Skamania County lawsuit to find as compulsory Noel's wiretapping counterclaims, this court now does so. Noel's claims are compulsory counterclaims because he should have brought – indeed, did bring – those claims in the Skamania County Superior Court case he filed against Hall. He voluntarily dismissed those claims. As this court's prior analysis makes clear, he now is barred from bringing those claims again in this federal case.

FINDINGS AND RECOMMENDATION        13                              {JVA}

B.    *Res Judicata*

Noel argues that the Clark County decision has a *res judicata* effect such that it reverses the decisions by this court and the Ninth Circuit.  He cites the Full Faith and Credit Act for the proposition that judicial proceedings of one state "shall have the same full faith and credit in every court within the United States . . . ."  28 U.S.C. § 1738.  The court does not disagree with this general and fundamental proposition.  That said, the Clark County judgment does not have the binding effect Noel asserts for many reasons, the simplest of which is that the state court's after-the-fact determination that jurisdiction in that court was never proper does not undermine the analysis in prior federal decisions holding that Noel should have brought the wiretapping claims as counterclaims in the state court actions and, thus, is barred from asserting them in this action.  In fact, Noel's current argument is itself barred by res judicata.  Noel raised arguments challenging the jurisdiction of the state courts over his wiretap claims in prior motions before this court.  To the extent the jurisdictional arguments overlap, they are barred by res judicata and, to the extent they do not directly overlap, they were waived and may not now be raised.

C.    *Law of the Case*

Hall argues that the law of the case doctrine also prevents this court from reinstating the claims against her.  Under the law of the case doctrine

> the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.  The doctrine is a judicial invention designed to aid in the efficient operation of court affairs.  Under the doctrine a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case.  For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous action.

*Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (internal citations, quotations,

FINDINGS AND RECOMMENDATION          14                                    {JVA}

and punctuation omitted).  A court must apply the law of the case unless one of five exceptions applies.  The court may exercise its discretion and "depart from the law of the case if:  '1) the first decision was *clearly erroneous*; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result.'"  *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (emphasis in original) (quoting *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)).

Noel contends that Defendants may not rely on the Ninth Circuit's more recent ruling in *Noel v. Hall*, 568 F.3d 743 (9th Cir. 2009), as the law of the case because it was premised on the Clark County suit which has now been adjudged void and dismissed.  Noel argues that this qualifies under the exception of "changed circumstances" and that this court must give full credit to the recent state court action, even though it will invalidate a series of decisions by this court and the Ninth Circuit. Hall responds that the law of the case bars reinstatement because these claims have already been heard and ruled on by the Ninth Circuit; there is no new evidence before the court and the state court's judgment does not alter the underlying evidence; Hall also observes that Noel provides no legal authority for his claim that the recent state court action voids the decisions of this court and the Ninth Circuit.  Noel responds that the Ninth Circuit mentioned the Clark County case and, therefore, must have relied on it and that, in light of the recent state court action, the court here cannot rely on the evidence underlying the Clark County case.

The law of the case doctrine bars reinstatement of these claims.  This precise issue was explicitly considered and decided by this court, which decision was affirmed by the Ninth Circuit, and it remains the law of the case.  Noel provides no authority for the proposition that the subsequent state court judgment does or should negate these decisions in any way.  The Ninth Circuit

FINDINGS AND RECOMMENDATION        15                                {JVA}

specifically addressed the question of subject matter jurisdiction in the Clark County case and
concluded that none of Noel's jurisdictional arguments had merit.  *Noel*, 341 F.3d at 1167-1168.

D.      Waiver

        The court also finds that Noel waived his right to assert these claims when he failed to assert
them in the state court proceedings.  In 1997, Noel filed suit against Hall alleging claims associated
with the alleged partnership.  Hall responded and asserted wiretapping counterclaims.  Noel
responded with his own wiretapping counterclaims against Hall.  After similar litigation was
commenced in Clark County, Hall voluntarily dismissed her wiretapping counterclaims and the court
dismissed all wiretapping claims in light of the pending Clark County proceeding.  Noel did not
appeal this dismissal and turned his attention to the Clark County proceeding.

        In that case, Hall again asserted wiretapping claims against Noel, but Noel did not assert
wiretapping counterclaims, even after the dismissal of his wiretapping counterclaims by the
Skamania County court.  In failing to do so, Noel waived his right to assert such claims in the future.
Furthermore, as mentioned above, Noel raised jurisdictional challenges to the Clark County case
previously in this action.  To the extent that Noel's arguments differ from those already addressed
by this court, they were waived when Noel failed to raise them at that time.  For this additional
reason, Noel may not reinstate such claims against Hall in the present matter and his motion should
be denied.

*Conclusion*

        For the reasons stated, Noel's Motion to Reinstate (#454) should be DENIED.[5]

_____

        [5] In so concluding, the court expresses no opinion on the evidentiary objections contained
in Noel's "Notice of Relevant State Court Proceedings and Plaintiff's Renewed Objection to
Defendants' Unsupported Facts" (#456).  The court acknowledges that the state court judgment will

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due February 6, 2012.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 23rd day of January, 2012.


<u>        /s/ John V. Acosta        </u>
JOHN V. ACOSTA
United States Magistrate Judge

---

likely affect the evidentiary record on summary judgment, and the court will address these issues in the context of its ruling on summary judgment.

FINDINGS AND RECOMMENDATION        17                                    {JVA}