UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERIC NOEL,

    Plaintiff,

v.

MYRNA A. HALL, trustee and personal
representative of the ESTATE OF BRIAN
C. HALL, deceased, SANDRA A. HALL,
fka SANDRA JOHNSON, GABRIELLE S.
LENNARTZ, HERB WEISSER, and
MICHELLE A. MERCHANT,

    Defendants.

Case No. 3:99-cv-649-AC

ORDER

HAGGERTY, District Judge:

    Plaintiff Eric Noel brings ten claims against various combinations of defendants Brian Hall, Sandra Hall, and Gabrielle Lennartz. Plaintiff brings claims for violation of federal and Oregon wiretap statutes, conversion, intentional interference with contractual relations (IICR), breach of fiduciary duty, blackmail, extortion, injurious falsehoods, and associated civil conspiracy claims.

ORDER - 1

On April 27, 2012, Magistrate Judge Acosta issued a Findings and Recommendation [468] recommending that summary judgment should be granted in defendants' favor on plaintiff's claims for violations of federal and state wiretap laws, IICR, injurious falsehoods, blackmail, and extortion. The Magistrate recommended that summary judgment should be denied on plaintiff's breach of fiduciary duty claim against Sandra Hall, his conspiracy to breach fiduciary duty claims against Lennartz and Brian Hall, and his conversion claims against Sandra and Brian Hall. The Magistrate recommended that, in the absence of federal claims upon which the court has subject matter jurisdiction, the court should decline to exercise supplemental jurisdiction over the remaining claims and dismiss said claims without prejudice.

Plaintiff objects [472] to the Findings and Recommendation. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff's objections were filed in a timely manner. This court has given the file of the case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, defendants' responses, and the entire record. For the following reasons, the Findings and Recommendation is adopted in its entirety.

## ANALYSIS

### 1. Law of the case

Plaintiff objects to application of the law of the case doctrine regarding holdings from the recent Ninth Circuit opinion addressing issues related to plaintiff's wiretap claims. The federal Wiretap Act provides for punishment and liability for "intercept[ing] . . . any wire, oral, or

ORDER - 2

electronic communication." 18 U.S.C. § 2511. The Ninth Circuit held that "an individual does not 'intercept' a 'wire communication' by listening to or copying recorded tapes of phone conversations." *Noel v. Hall*, 568 F.3d 743, 750 (9th Cir. 2009). Accordingly, the panel determined that any claim plaintiff could bring under the Wiretap Act would be governed by its use and disclosure provisions. Those provisions prohibit the use or disclosure of information which one knows or has reason to know was unlawfully intercepted. 18 U.S.C. § 2511(c), (d). The panel held that plaintiff "either did not engage in illegal interception and therefore cannot state a claim that [defendant] used or disclosed illegally intercepted material, or, in the alternative, that he did engage in illegal interception and has no standing to collect damages for the use or disclosure of the communications that he intercepted." *Noel*, 568 F.3d at 752.

Plaintiff contends the Ninth Circuit opinion cannot be controlling because it relied on a Washington State court judgment that has since been vacated. The Washington court ordered that the "Void proceedings" associated with that vacated judgment "shall not be used to support any allegation that Plaintiff intercepted wire communication or committed any other crime." Grant Decl., Ex. 2. To begin his argument, plaintiff misquotes the Ninth Circuit's reference to the proceedings. Pl.'s Obj. to Magistrate's F&R, 2. Plaintiff goes on to assert that the court "repeatedly referred to the prior proceedings in its Opinion" and that it "presumably would not have referred to them throughout its Opinion" if it had not relied on them. *Id.* Plaintiff notes several times that the court discussed whether plaintiff had "intercepted" the recorded conversations, but cites only two references by the Ninth Circuit to the Washington judgment, only one of which is accurate, and neither of which indicates the panel relied on it.

ORDER - 3

The Ninth Circuit's opinion did not depend on the Washington judgment; it was based on statutory interpretation, case law, and the record before it. Lest any doubt remain, the panel explicitly stated that it was not considering whether the state court judgment precluded plaintiff from asserting wiretap claims. *Noel*, 568 F.3d at 751.

Plaintiff further contends that the law of the case doctrine should not apply to the Ninth Circuit opinion because the evidence now before this court is substantially different than that which was before the Ninth Circuit. Plaintiff points to only one piece of evidence not considered by the Ninth Circuit, a written summary of the tapes Lennartz produced which indicates that plaintiff was a party to at least some of the recorded conversations. Plaintiff claims this establishes a possessory interest in the tapes which confers standing to bring use and disclosure claims under the federal Wiretap Act. However, regardless of whether plaintiff has a possessory interest in the tapes, the Ninth Circuit's analysis of plaintiff's use and disclosure claims stands. While plaintiff does make a new *argument* that he is an "electronic communication service," he offers no new evidence to support that argument. The Magistrate correctly applied the law of the case from the Ninth Circuit opinion. Accordingly, plaintiff's objection is overruled.

2.   **Choice of law**

Plaintiff objects to the application of Oregon law to state claims over which the court is exercising supplemental jurisdiction. The Magistrate applied Oregon law to plaintiff's state wiretap claims, conversion claims, IICR claims, breach of fiduciary duty claims, blackmail and extortion claims, and injurious falsehood claims. As explained in the Findings and Recommendation, "in a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of

ORDER - 4

the forum state." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996) (internal citation omitted). "The proponent of the law of another forum has the obligation to identify material differences between the applicable law of Oregon and of the other forum." *Spirit Partners, LP v. Stoel Rives LLP*, 157 P.3d 1194, 1198 (Or. Ct. App. 2007).

Plaintiff's voluminous briefing fails to identify any material differences between the applicable law of Oregon and Washington. Plaintiff does cite one potentially relevant Oregon statutory provision which provides that "the contractual rights and duties of the parties are governed by the law or laws that the parties have chosen." ORS 15.350.[1] As none of the Magistrate's findings relate to the contractual rights and duties of the parties, this is to no avail. The Magistrate correctly determined that Oregon law applies to all asserted state claims. Accordingly, plaintiff's objection to the application of Oregon law to his state claims is overruled.

### 3. Supplemental jurisdiction

Plaintiff objects to the Magistrate's recommendation that the court decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. "When determining whether to exercise supplemental jurisdiction or to remand the pendent state law claims under [28 U.S.C. § 1367(c)(3)], the district court is informed by the underlying objectives . . . of [judicial] economy, convenience, fairness, and comity." *Kruger v. Pac. Benefits Group Nw., LLC.*, 228 F. Supp. 2d 1143, 1149 (D. Or. 2001) (internal citation and quotations omitted). As plaintiff's own briefing notes,

---

[1] Plaintiff cites to ORS 81.120, which the Oregon Legislative Counsel renumbered to ORS 15.350 in 2011.

ORDER - 5

> it is the *district* judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point. The district court, of course, has the discretion to determine whether *its* investment of judicial energy justifies retention of jurisdiction, or if *it* should more properly dismiss the claims without prejudice.

*Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) (internal quotations and citation omitted). The Magistrate's analysis appropriately considered the objectives of judicial economy, convenience, fairness, and comity. Plaintiff's objection to the decline of jurisdiction over his remaining state claims is overruled.

**4.     Claims for violation of federal and state wiretap laws**

The Ninth Circuit's holding that listening to a tape recording of a phone conversation is not an "interception" of "wire communication" under the Wiretap Act applies to all of plaintiff's claims based on interception of wire communications. Plaintiff next argues that the recordings are protected under the Act as "electronic storage," which includes "any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(B).[2] Plaintiff argues that, having made his phone lines available to others, he is an "electronic communication service."

The Ninth Circuit rejected plaintiff's attempt to argue that he was an electronic communication service. *Noel*, 568 F.3d at 750. While the Ninth Circuit has not addressed the meaning of "electronic communication service" under the Wiretap Act, it has addressed the term's meaning under the Secured Communications Act (SCA). *See Thoefel v. Farey-Jones*, 359 F.3d 1066, 1075 (9th Cir. 2004). The SCA incorporates the definitions set forth in the Wiretap

---

[2]Before passage of the Patriot Act in 2001, "wire communication" included "electronic storage." Plaintiff's claim was filed in 1999.

ORDER - 6

Act. *See* 18 U.S.C. § 2711(1) ("the terms defined in section 2510 of this title . . . have, respectively, the definitions given such terms in that section[.]"). The *Thoefel* court held that an internet service provider (ISP) was an "electronic communication service," drawing on a case from the Southern District of New York. *Thoefel*, 359 F.3d at 1075. In that case, *In re DoubleClick Inc. Privacy Litig.*, the court found that ISPs and the telecommunications companies whose cables and phone lines carry traffic are electronic service providers, users of those services are not. 154 F. Supp. 2d 497, 511 (S.D.N.Y. 2001). Similarly, plaintiff was a user of electronic communication services, not an electronic communication service himself. Plaintiff's objection to the Magistrate's finding that he is not an electronic communication service is overruled.

The Ninth Circuit's holding that plaintiff either lacks standing or cannot state a claim under the use and disclosure provisions of the Wiretap Act disposes of plaintiff's claims based on use and disclosure. Plaintiff's objection to the Magistrate's analysis of his state wiretap claims is based on his theory that defendants intercepted wire communications when they listened to and copied his tapes. The Ninth Circuit's holding to the contrary has been correctly applied as the law of the case in this action. Thus the Magistrate correctly determined that all defendants are entitled to summary judgment on plaintiff's federal and state wiretap claims. Accordingly, plaintiff's objection is overruled.

### 5. Breach of fiduciary duty claims

Plaintiff alleges that defendant Sandra Hall breached a fiduciary duty to plaintiff by repudiating their joint venture, claiming sole ownership of the horse, attempting to sell the horse, attempting to obtain a veterinary examination of the horse, and threatening to disclose the recordings. The Magistrate correctly determined that genuine issues of material facts exist as to

ORDER - 7

each of these allegations. Similarly, regarding plaintiff's conspiracy to breach fiduciary duty claims, genuine issues of material fact exist as to whether Brian Hall or Lennartz knowingly assisted in any of Sandra Hall's alleged breaches. Accordingly, plaintiff's objection to the Magistrate's recommendation that summary judgment be denied is overruled. As plaintiff has not identified material differences between Oregon and Washington law, his objection to the application of the law of the forum state to his breach of fiduciary duty claims is overruled.

## CONCLUSION

This court has given the file of the case a *de novo* review, and has carefully evaluated the record, the Magistrate's Finding and Recommendation, plaintiff's Objection, and defendants' responses. This court concurs with the Magistrate's analysis, and accordingly adopts the Findings and Recommendation in its entirety. Summary judgment is GRANTED in defendants' favor on plaintiff's claims for violation of federal and state wiretap laws, intentional interference with contractual relations, injurious falsehoods, and blackmail and extortion. Summary judgment is DENIED on plaintiff's breach of fiduciary duty claim against Sandra Hall, plaintiff's conspiracy to breach fiduciary duty claims against Lennartz and Brian Hall, and plaintiff's conversion claims against Sandra and Brian Hall. In the absence of federal claims over which the court has subject matter jurisdiction, this court declines to exercise supplemental jurisdiction over plaintiff's remaining conversion and breach of fiduciary duty claims, and said claims are DISMISSED without prejudice. Defendants shall submit an appropriate judgment to the court.

IT IS SO ORDERED.
DATED this 6 day of August, 2012.

Ancer L. Haggerty
United States District Judge