IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ERIC NOEL,                                                              Civ. No. 99-649-AC

                          Plaintiff,                                    FINDINGS AND
                                                                        RECOMMENDATION
                 v.

MYRNA A. HALL, trustee and personal
representative of the ESTATE OF BRIAN
C. HALL, deceased, SANDRA A. HALL,
fka SANDRA JOHNSON, GABRIELLE S.
LENNARTZ, HERB WEISSER, and
MICHELLE A. MERCHANT,


                          Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

        Presently before the court are Defendants Myrna Hall and Sandra Hall's ("Defendants")

motions for attorney fees.  Myrna Hall, as personal representative of her now-deceased son Brian

Hall, moves for attorney fees as the prevailing party on Noel's state law wiretap claim against Brian

FINDINGS AND RECOMMENDATION          1                                        {KPR}

Hall. Sandra Hall moves for a revision of this court's prior order awarding her attorney fees on the state wiretap claim to include fees subsequently incurred. Noel opposes both motions on several grounds.

The briefing on this motion proceeded as follows. First, on August 20, 2012, Myrna Hall moved for attorney fees as the prevailing party on Noel's wiretap claim. The same day, Sandra Hall moved for revision of the court's prior order awarding her attorney fees to include supplemental attorney fees subsequently incurred in conjunction with Noel's motion to reinstate claims against her. On September 24, 2012, Noel sought leave of court to file his opposition to these two motions although the deadline for filing had passed. The court granted leave and stated that it would consider Noel's filings in evaluating the motions. On October 8, 2012, Noel filed a supplemental opposition to the same motions without seeking leave of court. On October 11, 2012, Myrna and Sandra Hall filed a joint reply.

As a preliminary matter, Defendants argue that Noel's opposition should be disregarded as untimely because, although Noel claimed ignorance of the appeal of what he considered an unappealable order, he received notice when the court issued an order on August 22, 2012, setting an under advisement date for the motions, thereby acknowledging their legitimacy. However, on September 26, 2012, the court received Noel's filings in opposition and stated that it would consider them in its ruling and the court will adhere to its prior ruling on this issue. *See* Docket #50.

*Discussion*

Oregon Revised Statutes 133.739 sets forth a cause of action for the illegal interception of "wire, electronic or oral communication[.]" OR. REV. STAT. 133.739(1). This cause of action provides that "the court may award reasonable attorney fees to the prevailing party in an action

under this section." OR. REV. STAT. 133.739(4). Noel asserted this claim against both Brian and Sandra Hall.

In 2001, this court held that Defendants Brian and Sandra Hall were entitled to attorney fees as the prevailing party on Noel's state law wiretap claims and concluded that twenty-five percent of the total fees claimed could be attributed to those claims. Accordingly, the court granted fees to both parties collectively in the amount of $14,710.63, as well as a "prevailing party fee" of $20.00.[1] (Docket #211.) Defendants argue that this stands as the law of the case in two respects: (1) Defendants are entitled to fees with respect to the state law wiretap claim and (2) twenty-five percent of the total fee should be apportioned to that claim.

Defendant Sandra Hall presently seeks fees comprising the total original fee award and additional fees incurred in defending Noel's motion to reinstate all claims against Sandra Hall. Myrna Hall, as representative of Brian Hall's estate, seeks fees incurred after the Ninth Circuit reversed the dismissal of the state wiretap claim, among others, as against Brian Hall.

I.    Entitlement to Fees

    *A.    Generally*

Noel argues that Defendants are not entitled to fees for several reasons. First, Noel argues that the motion is premature because, at the time it was filed, a final judgment on the claims had not issued, though it issued less than one month later. Defendants respond that District Judge Haggerty's August 6, 2012, order was final and appealable, and that Noel himself has repeatedly appealed such orders.

_____

[1] The court originally awarded only $2,426.88 in fees, but this ruling was amended upon discovery of an error in the court's original calculation.

Federal Rule of Civil Procedure ("Rule") 54 provides that a motion for attorney fees must "be filed no later than 14 days after the entry of judgment[.]"  FED. R. CIV. P. 54(d)(2)(B) (2012). Under the rule, a judgement is defined as "a decree and any order from which an appeal lies."  FED. R. CIV. P. 54(a) (2012).  As stated in the notes explaining the 1993 amendments to Rule 54, the purpose of the rule is to facilitate prompt resolution so that the services provided are "freshly in mind" of the court and to "enable[] the court to in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case."  FED. R. CIV. P. 54, *1993 Amendments*, Paragraph (2).

As noted above, this motion was filed after the court issued its summary judgment order but before the entry of judgment under Rule 54(b).  On August 6, 2012, District Judge Haggerty adopted the Findings and Recommendation issued by Magistrate Judge Acosta.  The order granted summary judgment in Defendants' favor on the state wiretap claims, among others.  The order denied summary judgment on the remaining claims, all of which were state law claims, but declined to exercise supplemental jurisdiction over the these claims and dismissed them without prejudice. Thus, at the time the order issued, all claims before this court had been finally adjudicated.  Myrna Hall and Sandra Hall moved separately for fees on August 20, 2012.  On September 13, 2012, the court issued a judgment pursuant to Rule 54(b) as to all claims against defendants Sandra Hall, Myrna Hall as personal representative of the estate of Brian Hall, and Gabrielle Lennartz.

In its review, the court has uncovered no controlling rule specifying whether or not a motion for fees may be filed after a final ruling but before the entry of judgment.  It observes, however, that at the time the motions were filed, the court had finally adjudicated all claims and all that remained was the arguably ministerial task of issuing the final judgment.  The court notes, further, that the

primary aim of Rule 54 is to facilitate prompt resolution of such motions while the cause of action remains firmly in the court's recollection. The court sees no compelling reason to strike the motion as premature in the absence of precedent directing it to do so.

Second, Noel argues that Myrna Hall is not entitled to fees because she was added to the lawsuit long after the ruling on the wiretap claims occurred[2] and that the attorney fee award should have been listed as part of Brian Hall's estate for purposes of probate. Thus, Noel argues, an award of fees to Myrna Hall would constitute a windfall as Brian Hall's estate has already been settled without the fee award to which the estate was entitled. Brian Hall's estate was submitted to probate in the Superior Court of Washington for Skamania County and Noel thus cites Washington statutes that govern claims against an estate. *See* Rev. Code Wash. §§ 11.40.051, 11.40.070.[3] The first section details the time limits governing claims against a decedent and the second details the manner in which a claim may be made against a decedent and under what circumstances a personal representative may waive formal defects to that claim. Defendants respond that this argument is wrongheaded, as an award of attorney fees in their favor is not a claim against the estate but rather a judgment against Noel himself.

Washington law provides that a "person having a claim against the decedent is forever barred from making a claim or commencing an action against the decedent . . . unless the creditor presents

---

[2] Myrna Hall was appointed trustee and personal representative of Brian Hall following his death in November 2008. According to Noel, the court was not notified of Brian Hall's death or Myrna Hall's status until Noel found out and informed the court himself.

[3] In its disposition on summary judgment, the court applied Oregon law to Noel's state law claims, pursuant to Oregon's choice-of-law rules. *See* Findings and Recommendation (#468) at 7. To evaluate whether a claim should have been submitted to probate in Washington State, however, the court must look to Washington probate law.

the claim in the manner provided in RCW 11.40.070" and within the applicable time period.  Rev. Code Wash. § 11.40.051(1) (2005).  Where the claim is "secured, unliquidated, contingent, or not yet due" the claimant must specify "the nature of the security, the nature of the uncertainty, or the date when it will become due."  Rev. Code Wash. § 11.40.070 (2005).  Thus, an award of attorney fees contingent on the outcome of litigation is a claim that must be made against the estate.

As noted by Defendants, the statutes cited by Noel govern claims against the assets of an estate.  It is Noel's contention that Brian Hall's attorney, Bryan W. Dawson ("Dawson"), should have presented a claim against the estate for the attorney fees awarded by the court in 2001.  Noel further contends that, in failing to do so, Dawson cannot now collect the fees from Myrna Hall and, therefore, the fees may not be awarded because such award will result in the unjust enrichment of Myrna Hall.  However, Noel provides no authority giving him standing to challenge the fee award. The present motion asks the court to evaluate whether Brian Hall, via his estate, and Sandra Hall are entitled to attorney fees as the prevailing party to the state law wiretap claims Noel alleged against them.  Brian Hall's entitlement to fees, and Noel's obligation to pay the fees to which he is entitled, are unaffected by the treatment of those fees upon receipt.  Should a dispute as to payment arise between Dawson and Myrna Hall, those parties should pursue the issue.  Noel lacks standing to challenge Dawson's entitlement to payment of attorney fees.

Furthermore, Noel's allegation of unjust enrichment is merely speculative.  The court notes that Dawson continues to represent Brian Hall via his representative Myrna Hall, and that Dawson has filed this motion for attorney fees in spite of the fact that he filed no claim to these fees during the probate process.  Finally, it is immaterial that Myrna Hall was added to the lawsuit after the court ruled as she merely stands in as the legal representative of Brian Hall who was a named defendant

throughout this litigation.

Third, Noel argues that Defendants waived their right to seek attorney fees in failing to assert a counterclaim for attorney fees until 2010, although the Third Amended Complaint was filed in 2000. Noel asserts that an answer, including compulsory counterclaims, must be filed within twenty days of service of the complaint, and that an untimely counterclaim is waived. Alternatively, Noel argues that the failure to pursue a pleaded claim, or counterclaim, will result in abandonment of that claim. Additionally, Noel argues that the statute of limitations on such a claim is six years and, thus, Defendants request for fees is untimely. Defendants respond that this argument is without merit, as the court's previous award of attorney fees ably demonstrates. Defendants note further that attorney fees do not need to be pleaded as a counterclaim, but may be included in the prayer for relief as they were here.

Noel's objections are not well-taken. In the course of this litigation Noel has filed or attempted to file seven iterations of his complaint. As early as their Second Amended Answer filed on or around September 8, 1999, the Halls sought attorney fees in their prayer for relief. Furthermore, Defendants' two most recent answers, filed on February 18, 2010, and June 11, 2010, both request an award of attorney fees in the prayer for relief. And, as Defendants point out, the court has previously awarded attorney fees to Brian and Sandra Hall, demonstrating that their entitlement to attorney fees was properly pleaded.

B.    *Fees for Motion to Reinstate*

Noel argues that Sandra Hall's supplemental request for fees arising from the motion to reinstate should be denied because the motion did not revive the claim in a manner that merits additional attorney fees. Rather, Noel argues, Sandra Hall's response contains no mention of the

state law wiretap claim and, rather, only addresses the impact of the Washington state court's decision on this court's disposition of the claims. Accordingly, Noel contends, Sandra Hall cannot show that any of the hours expended were directed at defending the state law wiretap claim. Defendants respond that Noel asked the court to reinstate all claims against Sandra Hall, including his claim under ORS 133.739 which contains the attorney fee provision at issue here. Thus, Defendants argue, Sandra Hall had no choice but to again provide a defense to said claim, and the fact that the defense was procedural does undermine her entitlement to attorney fees for defense of a claim that provides for attorney fees.

Noel's argument lacks any merit. The court agrees that in moving to reinstate all claims against Sandra Hall, Noel triggered the attorney fee provision for the state law wiretap claim. As such, the court may award attorney fees to Sandra Hall for fees reasonably incurred in defending reinstatement of that claim.

Finally, Noel argues that the court's 2001 award of fees was for both Brian and Sandra Hall and, therefore, Sandra Hall is entitled to only half of that award. The court agrees that the award in 2001 encompassed fees for both Brian and Sandra Hall and, therefore, it constitutes an adequate award for both Myrna and Sandra Hall for present purposes. That said, it does not appear that Sandra Hall seeks an award separate from the original award she shared with Brian Hall, except for her request for fees arising from her defense of Noel's motion to reinstate all claims against her. Thus, to the extent such fees are owed, such fees shall be apportioned between the parties as appropriate.

C.    *Supplemental Opposition*

FINDINGS AND RECOMMENDATION        8                            {KPR}

Noel also filed a supplemental opposition to the motions for attorney fees, arguing that Dawson did not expend time on the state law wiretap claim and is thus not entitled to fees and, in any event, the hourly rate claimed is far more than the rate he actually charges. Defendants respond that the filing of a supplemental opposition is not authorized by any rule of procedure and urges that the court disregard it. In the alternative, Defendants argue that the rate Dawson extends to his insurance clients does not also extend to his opponents and that Dawson is entitled to the fair value of his services.

The court agrees that Noel's supplemental opposition is not authorized by rule or by court order and, accordingly, the court declines to consider the arguments therein.

IV.     Amount of Fees

Although it is not particularly clear from the briefing, it seems that Sandra Hall seeks to recover the fees awarded in 2001 to both Brian and Sandra Hall as prevailing parties on the state wiretap claim, as well as additional fees incurred in defending Noel's motion to reinstate all claims against Sandra Hall. And, based on the billing summary provided in conjunction with Myrna Hall's motion for attorney fees, it appears that Myrna Hall seeks fees incurred subsequent to the 2003 appeal that reversed dismissal of the state law wiretap claim against Brian Hall. Myrna Hall reasons that, after the appeal, only four of ten claims remained against Sandra Hall, whereas all ten claims remained against Brian Hall and, therefore, sixty-percent of the total fees subsequent to that ruling should be attributed to the claims against Brian Hall. Accordingly, he seeks sixty percent of the twenty-five percent previously allocated by this court to the state law wiretap claims.

Noel does not specifically contest the hours expended or the rates charged by Defendants' attorneys. Even so, where attorney fees are available, the court must determine the reasonableness

of both the number of hours and the rate at which they were billed.  *See Key Bank National Assoc. v. Van Noy*, 598 F. Supp. 2d 1160, 1163 (D. Or. 2009) ("Even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness." (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993))).  "In addressing a petition for attorney fees under federal law, the court must first determine the 'lodestar' amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *Sizemore v. Madras*, No. 02-72-KI, 2005 WL 1502891, at *1 (D. Or. June 24, 2005) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)).  The appropriateness of this number is evaluated in light of several factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

Where a plaintiff is only partially successful, the Ninth Circuit has adopted a two-part analysis.  First, the court should consider whether the successful and unsuccessful claims are sufficiently related such that the fee award may include time spent on unsuccessful claims.  If so, the court must, second, consider the relationship between the significance of the relief obtained and the total hours expended in obtaining that relief.  *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 901-902 (9th Cir. 1995).  In this case, the court decided previously that twenty-five percent of the total fees should be apportioned and the court sees no reason to depart from this analysis.

FINDINGS AND RECOMMENDATION        10                                    {KPR}

A.      *Rates Charged*

Both Defendants were represented by attorneys Dawson and Ben Larson ("Larson"). Defendants seek rates for attorneys Dawson and Larson of $325 and $177 per hour, respectively. Bryan Dawson has practiced law for approximately seventeen years and is an experienced civil litigator.  Defendants argue that he is entitled to be compensated at a rate in the 75th percentile of attorneys with his experience and cites *McElmurry v. U.S. Bank N.A.*, 2008 U.S. Dist. LEXIS 35905 (D. Or. Feb. 11, 2008).  In *McElmurry*, the court considered the rates reported in the Oregon State Bar's 2007 Economic Survey and awarded fees at the 75th percentile to "[e]xperienced senior attorneys who [were] specialists in wage and hour law . . . ." *Id.* at *9.  Myrna Hall argues that the reasoning extends to Dawson based on his vast experience in civil litigation.  The court agrees that this rate is reasonable for an attorney of Dawson's experience, in spite of the fact that he is not a specialist with respect to this particular claim.  The claims in this lawsuit encompassed a wide range of legal issues calling for a general expertise in civil litigation.  As such, Dawson is entitled to the claimed hourly rate of $325.

Larson has practiced law since 2009 and Myrna Hall seeks payment of his hourly rate consistent with the average rate for attorneys with less than three years of experience.  In light of the fact that Larson was on the high end of the year range at the time the motion was filed, the court sees no reason to award him less than the average rate for attorneys with his experience. Accordingly, Larson is entitled to the claimed hourly rate of $177.

B.      *Hours Claimed*

The court notes at the outset that it is well established in this Circuit that the number of hours expended must not only be reasonable but also adequately documented.  *See, e.g., In re Bluetooth*

*Headset Products Liability Litigation*, 654 F.3d 935, 941 (9th Cir. 2011) ("The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."); *Welch*, 480 F.3d at 948 (district court has authority to decrease the number of reasonable hours claimed where hours are insufficiently documented).  Additionally, this District has specifically cautioned against block billing and providing vague or otherwise inadequate descriptions of tasks because these practices greatly hinder the court's ability to assess the reasonableness of the time expended.  *See* U.S. District Court, Message from the Court Regarding Attorney Fee Petitions, http://www.ord.uscourts.gov/index.php?option=com_content&view=article&id=355&Itemid=533 (last updated February 6, 2013); *see also Sterling Savings Bank v. Sequoia Crossing, LLC*, No. 3:09-cv-555-AC, 2010 WL 3210855 at *5 (D. Or. Aug. 11, 2010) (block billing "is in direct contravention of the court's instruction that 'members of the bar record time on particular individual tasks and support their fee petition with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task.'" (citation omitted)).      Although cautioning against this practice, the court may excuse this method when the billing period is no more than three hours.  *See Sterling Savings Bank*, 2010 WL 3210855 at *5 ("[W]hile billing periods of three hours or more may be subject to exclusion, the court is more lenient with smaller blocks of time, which it may divide by the total number of included tasks in order to find the length of time required for each individual task," citing *Frevach Land Co. v. Multnomah County Dept. of Envtl. Servs.*, No. 3:99-cv-1295-HU, 2001 WL 34039133 at * 12 (D. Or. Dec. 18, 2001)).  Based upon a careful review of those entries, the court will allow block billed

FINDINGS AND RECOMMENDATION        12                                    {KPR}

entries under three hours in this case.

Accordingly, the block billed time requested over the three-hour maximum will be reduced by 50%. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis.").

        1.     Myrna Hall

        *a.     Dawson*

Myrna Hall seeks fees for hours expended beginning in August 2005 and ending in August 2012, approximately a seven-year period. This includes fees incurred on appeal to the Ninth Circuit, which must be disallowed. *See Cummings v. Connell*, 402 F.3d 936, 940 (9th Cir. 2005) ("We also hold that, pursuant to Ninth Circuit Rule 39-1.6, a request for attorney's fees incurred on appeal must be made to [the Ninth Circuit], not to the district court. The district court is not authorized to award attorney's fees for an appeal unless [the Ninth Circuit] transfer[s] the fee request to the district court for consideration."). The court thus excludes hours expended between January 3, 2007, and July 9, 2009, which amounts to 13.7. These hours were expended exclusively by Dawson and reduce only his total hours claimed.

Having reviewed the balance of the hours expended by Dawson, 100.6, the court consider the remaining hours expended reasonable, with only a few exceptions. Approximately half of Dawson's fees were incurred drafting Defendants' motion for summary judgment and preparing for and arguing the motion before the court, for a total of 51.8 hours. The balance of the hours were

incurred over the course of almost seven years, and involve basic case management tasks, communications with his clients, opposing counsel, and the court, as well as drafting miscellaneous letter and legal memoranda. The entries by Dawson also include references to communication with a "company" and to an "adjuster handling file." Thus, it appears that Dawson has billed Myrna Hall for communications with an insurance company. While this communication is undoubtedly beneficial to Myrna Hall, it is not clear that Noel should be required to pay for such communications. These entries were made on September 20, 2005, August 15, 2006, September 12, 2009, January 22, 2010, and January 5, 2012, and together they total 7.1 hours. These hours are excluded from the fee award. Similarly the court excludes 50% of the hours contained in block billing entries for more than three hours of work, which amount to 6.9 total hours.[4] Accordingly, the court awards fees for a total of 86.6 hours.

> ### b.    Larson

Larson began work on this case in September 2009 and appears to have been responsible for drafting the bulk of the legal memoranda filed by Defendants in this case since that time.

In the September 2009, Larson spent 12.5 hours reviewing prior decisions and documents associated with this case. In light of the lengthy history, this amount of time was reasonable for Larson to familiarize himself with the posture of the case. These hours will be slightly reduced, however, due to two impermissible block billing entries. The court will perform this calculation at the end of this section.

Larson drafted a motion for summary judgment on behalf of Defendants. This included

---

[4] The block-billing reductions apply only to fees for entries deemed reasonable and thus awarded. Block-billing overages are not deducted where the entry was otherwise disallowed.

researching, drafting, and filing the original motion, supporting documents, supplementary brief on issue raised at oral argument, and response to objections to the Findings and Recommendation. For these combined tasks, Larson billed 196.8 hours. Larson also billed time expended in responding to Plaintiff's two motions for summary judgment. This included researching, drafting, and filing the response memorandum and supporting documents. For these tasks, Larson billed 141.3 hours. Larson also billed time for preparing for and attending oral argument on these motions. This preparation took place, first, in April 2010, in anticipation of oral argument set for May 24, 2010, that was reset at Plaintiff's request. Larson again spent time preparing for argument in August 2010, in anticipation of oral argument set for August 30, 2010. In total, Larson billed 30.5 hours associated with preparation and appearance at oral argument. The total of hours expended by Larson in preparing, opposing, and arguing the motions for summary judgment are thus 369.8. Assuming Larson's ability to bill forty hours in a typical work week, this amounts to more than nine weeks dedicated to the motions for summary judgment. In light of the fact that this work took place over the course of almost one year, and the extensive filings generated by both sides in the course of adjudicating the various motions for summary judgment, this amount of time expended is not facially unreasonable. The court notes, however, that Larson's work on these motions is documented substantially via block billing entries. As such, the court will reduce the fees claimed in the manner described above.

Larson billed 1.2 hours expended in reviewing the court's Findings and Recommendation and informing the client of same. These hours are reasonable and are awarded in full.

Larson's billing statement also reflects charges associated with this motion for attorney fees. In total, Larson spent 16.6 hours associated with this motion. Although the amount of time

expended on this task is generally reasonable, the court notes that two of the six entries associated with this motion constitute impermissible block billing. These reductions will be made at the end of this section.

Larson also billed time expended in drafting an amended answer after Plaintiff filed an amended complaint in May 2010. Larson expended a total of 9.2 hours reviewing the amended pleading and drafting the answer. These hours are reasonable, do not contain block billing entries, and are awarded in full.

Larson's billing statement also includes several entries that reflect general case management activities, communications with the court and the client, are ambiguous, or are clearly disallowed. First, entries on January 22 and 25, 2010, refer in whole or in part to drafting a status letter to "company." The court is unsure what company this refers to or why it was necessary to Defendants' legal defense. Accordingly, the fees associated with these entries are disallowed. The court also notes that the January 25, 2010, entry refers to both drafting a letter to "company" as well as drafting the answer. Larson did not specify the number of hours expended on each task and the court declines to speculate as to how much time was spent doing which activity. Thus, because the court cannot award fees associated with this ambiguous entry, the entire entry is disallowed. These fees total 8.7 hours.

Entries dated February 1 and 3, 2010, March 1, 2010, September 2, 2010, May 10 and 14, 2012, June 12, 2012, and August 7 and 8, 2012 describe typical case management activities and otherwise comport with the court's requirements for documenting time spent. These hours are recoverable and total 6.1 hours. Entries dated February 16, 2010, February 10, 2011, June 11, 2012, and August 14, 2012, are for activities not recoverable by counsel as attributable to the litigation in

FINDINGS AND RECOMMENDATION        16                    {KPR}

state court, involving multiple attorneys, or associated with the appeal before the Ninth Circuit. As such, these fees are not recoverable; they total 6.1 hours.

The subtotal of the hours for which fees are available, prior to the reduction for block billing, is 414.2. Here, Larson seeks 181 hours above the three-hour maximum in block billing entries associated with this motion. Consistent with the above principles, the court reduces the fees awarded by half of this amount, or 90.5 hours. Accordingly, the hours expended by Larson for which fees are available are 323.7.

    2.    Sandra Hall

Sandra Hall seeks fees from two sources: the fees awarded by this court to Sandra and Brian Hall in 2001 and the fees incurred in defending against Noel's motion to reinstate. The court need not revisit the hours awarded in 2001 as the court has already approved the award. Regarding the motion to reinstate, the hours expended to respond to that motion are reasonable. The total hours claimed are 34.8, which includes drafting all responsive memorandum, preparing for and attending oral argument, and all correspondence with the court and opposing counsel. In the absence of specific objections by Noel, the court sees no reason why the time spent on the motion to reinstate is generally unreasonable. As above, however, the block billing entries will be reduced to the extent they are greater than three hours, by fifty percent. Accordingly, Larson's entries for February 17 and 18, 2011, and April 18, 2011, will be reduced by 2.7 hours.

Sandra Hall is therefore awarded fees as provided in the court's 2001 order and for a total of 32.1 additional hours.

    C.    *Total Fees Awarded*

    1.    <u>Myrna Hall</u>

The court adopts Myrna Hall's calculation method, whereby she is entitled to sixty percent of the total time expended in defending Brian and Sandra Hall. Accordingly, Myrna Hall, as personal representative for the estate of Brian Hall, is entitled to fees as follows:

| Attorney | Total Hours Spent on Case | Hourly Rate | Fee Sub-Total | Sixty Percent Allocated to Brian Hall | Twenty-five Percent Allocated to Claim | **Total Awarded** |
|---|---|---|---|---|---|---|
| Dawson | 86.6 | $325 | $28,145 | $16,887 | $4,221.75 | **$4,221.75** |
| Larson | 323.7 | $177 | $57,294.90 | $3,4376.94 | $8,594.23 | **$8,594.23** |
| | | | | | **TOTAL** | **$12,815.98** |

    2.    <u>Sandra  Hall</u>

As a preliminary matter, the court notes that instead of splitting the fees awarded in 2001 to both Brian and Sandra Hall as prevailing parties on the state law wiretap claims, Sandra Hall requests the total fee award and Myrna Hall requests none of it. Noel argues that the award should be reduced by half as Sandra Hall was the only prevailing party at that time, as the dismissal of the state law wiretap claim against Brian Hall was subsequently reversed by the Ninth Circuit. The court does not agree that the original fee award should be reduced. The state law wiretap claims against Brian and Sandra Hall arose from the same factual foundation and relied on the same legal theories. Noel gives no justification for dividing the fees between Brian and Sandra Hall where, in light of the similarities of fact and law shared by the claims, defense of a single claim was substantially similar to defense of both claims. The court thus awards the 2001 fee award in its entirety to Sandra Hall.

The court awards fees to Sandra Hall for both the original fee award and the defense of the motion to reinstate, as follows:

| Original Award | | | | | TOTAL    $14,710.63 |
|---|---|---|---|---|---|

| Motion to Reinstate | | | | | |
|---|---|---|---|---|---|
| Attorney | Total Hours Spent on Motion | Hourly Rate | Fee Sub-Total | Twenty-five Percent Allocation | **Total Awarded** |
| Dawson | 10.5 | $325 | $3,412.50 | $835.12 | **$835.12** |
| Larson | 21.6 | $177 | $3,823.20 | $955.80 | **$955.80** |
| | | | | **TOTAL** | **$1790.92** |
| | | | | **GRAND TOTAL:** | **$14,710.63 + $1790.92 =**<br><br>**$16,501.5** |

*Conclusion*

For the reasons stated, Myrna Hall's motion for attorney fees (#480) is should be granted in the amount of $12,815.98.  Sandra Hall's motion for attorney fees (#483) should be granted in the amount of $16,501.55.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due June 17, 2013.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and

FINDINGS AND RECOMMENDATION        19                                    {KPR}

Recommendation will go under advisement.

DATED this 3rd day of June, 2013.


                                        _____/s/ John V. Acosta_____
                                              JOHN V. ACOSTA
                                        United States Magistrate Judge