IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ERIC NOEL,                                                     Civ. No. 3:99-cv-00649-AC

                              Plaintiff,                        FINDINGS AND
                                                               RECOMMENDATION

        v.

MYRNA A. HALL, trustee and personal
representative of the ESTATE OF BRIAN
C. HALL, deceased, SANDRA A. HALL,
fka SANDRA JOHNSON, GABRIELLE S.
LENNARTZ, HERB WEISSER, and
MICHELLE A. MERCHANT,


                              Defendants.

_____

ACOSTA, Magistrate Judge:

*Introduction*

        Plaintiff Gabrielle S. Lennartz ("Lennartz") moves for an award of attorney fees as the

prevailing party on Noel's state law wiretap claim against her. Plaintiff Eric Noel ("Noel") opposes

FINDINGS AND RECOMMENDATION        1                                              {KPR}

the motion, claiming that Lennartz is estopped from and lacks standing to claim the fees in question, the result of an earlier bankruptcy proceeding. For the reasons stated, Lennart's motion for attorney fees should be granted in part, and fees should be awarded in the amount $5,696.18.

*Background*

This case was originally filed in 1999 and, in her answer, Lennartz alleged her entitlement to attorney fees under ORS 133.739, as the prevailing party on the state wiretap claim. On April 20, 2001, the court ruled that two of the other defendants in this case, Brian and Sandra Hall, were entitled to fees as prevailing parties on the state law wiretap claims and apportioned twenty-five percent of fees to defense of the wiretap claims. *See* Findings and Recommendation, April 20, 2001 (#200).

On August 19, 2001, Lennartz filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Washington. (Plaintiff's Exhibit 2 at 1.) In her petition, Lennartz did not list her claim for attorney fees as an asset in Schedule B of her application in the section for "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." (Pl.'s Ex. 2 at 5.) In Schedule F of the application, Lennartz listed attorney Steven Kraemer ("Kraemer") as holding an unsecured nonpriority claim against her and Kraemer received notice of Lennartz's pending bankruptcy. (Pl.'s Ex. 2 at 12, 30.) The bankruptcy court ruled on November 27, 2002, that Lennartz was entitled to discharge and was thereby granted a discharge. (Pl.'s Ex. 3.)

*Discussion*

Noel asserts several legal theories upon which the court should deny Lennartz's request for attorney fees including estoppel, standing, unjust enrichment, discharge, and waiver. Noel does not

otherwise object to the fees sought by Lennartz.

I.      The Bankruptcy

Noel's arguments against the motion for attorney fees each hinge on a determination as to the impact of Lennartz's intervening bankruptcy on her claim for fees as alleged and as presently sought. It is well-established that, generally, an undisclosed cause of action may not be pursued by the debtor following discharge in bankruptcy. *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). Here, however, the award of fees is pursued in only nominally by Lennartz. Rather, the real party in interest to this motion is the defending insurer, State Farm, by way of the attorneys it retained to defend Lennartz. As such, the real dispute as to fees is between State Farm, vis-a-vis the attorneys, and Noel. Having thus established the identity of the parties in interest, the court turns to Noel's arguments in opposition to the motion for fees.

        A.      *Judicial Estoppel*

Section 727 of the bankruptcy code provides that "a debtor is discharged 'from all debts that arose before the date of the order for relief under [Chapter 7].'" *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 532 (9th Cir. 1998) (quoting the 11 U.S.C. § 727(b)). Noel argues that judicial estoppel bars the claim for fees because Lennartz failed to list it as personal property on her bankruptcy schedules. As the Ninth Circuit has held, "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citing *Hay*, 978 F.2d at 557).

Lennartz argues in response that, although the discharge extinguished her personal liability on the debt, it did not extinguish the debt as to liable third parties. Section 524, which controls the

FINDINGS AND RECOMMENDATION        3        {KPR}

effect of a discharge, states that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Accordingly, "[a] discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable." *In re Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993); *see also Star Phoenix Mining Co. v. West One Bank*, 147 F.3d 1145, 1147 n.2 (9th Cir. 1988) (noting that discharge "does not result in the extinguishment of the underlying debt but merely releases the debtor from personal liability[,]" and citing *In re Edgeworth*). Furthermore, the "failure to file in the bankruptcy proceeding should not impair the right to file suit against another party who may be liable on the debt." *Id.* at 54-55.

These principles are applicable to the present case. Here, Lennartz is a debtor whose liabilities were discharged in bankruptcy. Lennartz does not seek fees on her own behalf and, rather, stands in nominally for State Farm, the insurer that provided her a defense in this matter. Specifically, the insurer seeks attorney fees for that defense from Noel, the party against whom Lennartz prevailed in this litigation. Therefore, Lennartz's position in bankruptcy is not at odds with her present request for fees.

### B.  Standing

Noel argues that Lennartz lacks standing to assert a claim for attorney fees because she is not the real party in interest, rather, the bankruptcy estate possesses the claim and is the party in interest. Noel again cites *Dunmore v. U.S.*, 358 F.3d 1107 (9th Cir. 2004), for the proposition that an unscheduled claim becomes the property of the bankruptcy estate after discharge. In *Dunmore*, assets that Dunmore failed to schedule remained by operation of statute

the bankruptcy estate's property, even after the court discharged his debt. Thus, the unscheduled tax refund claims remained the estate's property post-bankruptcy. Accordingly, we conclude that the bankruptcy estate was the real party plaintiff in interest at the time Dunmore filed his action.

358 F.3d at 1112 (internal citations omitted). Thus, Noel argues, Lennartz lacks an interest in the claim and, it follows, lacks prudential standing to assert the claim.

*Dunmore* is distinguishable from the present case. There, the debtor sought to personally recover tax refunds not listed on his bankruptcy schedules prior to discharge. As noted above, the court found that he lacked prudential standing to file an action against the IRS, as any potential refund became the property of the estate upon discharge. Here, however, the debtor does not wish to reclaim assets not listed in the bankruptcy schedules. Noel's broad reading of the standing requirement is at odds with the principles discussed above regarding the ability to collect from a liable third party. Furthermore, the real party in interest is State Farm, and Lennartz's standing is irrelevant. For these reasons, the court rejects Noel's argument regarding standing.

C.    *Unjust Enrichment*

Noel argues that, were the court to award fees to Lennartz, it would constitute unjust enrichment because Kraemer failed to file a proof of claim and the fees would therefore remain the property of Lennartz. As noted above, however, the failure to file a claim prior to discharge does not mean that a creditor cannot seek recompense from a liable third party after discharge, but merely that the creditor cannot share in the distribution of estate proceeds. As also noted, the real party in interest is State Farm, who is proceeding only nominally through Lennartz. Accordingly, Lennartz will not be unjustly enriched by an award of fees entered against Noel and for the benefit of State Farm.

D.    *Discharge of State Farm's Claim*

FINDINGS AND RECOMMENDATION          5                              {KPR}

Under federal bankruptcy statutes, a discharge in bankruptcy extinguishes all debts that arose prior to the date of discharge. 11 U.S.C. § 727(b). The terms "debt" and "claim" are coextensive and include debts or claims that are contingent or not fixed at the date of discharge. *See* 11 U.S.C. § 101(5) ("The term 'claim' means – right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured" or the right to an equitable remedy where performance is breached.). In *Siegel v. Federal Home Loan Mortgage Corporation*, 143 F.3d 525 (9th Cir. 1998), the court considered whether the attorney fees sought constituted a claim under the law of bankruptcy. It noted that the term claim is defined broadly, in order to "ensure that 'all legal obligations of the debtor, *no matter how remote or contingent*, will be able to be dealt with in the bankruptcy case.'" *Id*. at 532 (quoting *California Dep't of Health Servs. v. Jensen (In re Jensen)*, 995 F.2d 925, 929 (9th Cir. 1993) (emphasis in original)). Thus, in general, a debtor's claim for fees, though contingent, is subject to discharge in bankruptcy.

Noel argues that State Farm's claim arose prior to discharge when Lennartz claimed an entitlement to fees in her answer. Thus, according to Noel, any fees subsequently accrued by Lennartz are unrecoverable. Noel's position, however, is contrary to settled law. *See In re Edgeworth*, at 53 ("A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable."). Furthermore, the rule advanced by Noel is unduly broad and it would produce illogical results. As Lennartz points out, excusing litigants from paying attorney fees for which they are liable based on an only nominally- interested party's failure to schedule a claim would produce an undesirable and inequitable result. The court

declines, under the facts of this case, to endorse such a rule and result.

In sum, the court concludes that Lennartz's request for fees is not precluded by her intervening discharge in bankruptcy.

## II.    Amount of Fees

Noel does not specifically object to the amount of fees claimed by State Farm.  Even so, where attorney fees are available, the court must determine the reasonableness of both the number of hours and the rate at which they were billed.  *See Key Bank National Assoc. v. Van Noy*, 598 F. Supp. 2d 1160, 1163 (D. Or. 2009) ("Even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness." (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993))).  "In addressing a petition for attorney fees under federal law, the court must first determine the 'lodestar' amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate."  *Sizemore v. Madras*, No. 02-72-KI, 2005 WL 1502891, at *1 (D. Or. June 24, 2005) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)).  The appropriateness of this number is evaluated in light of several factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

Where a plaintiff is only partially successful, the Ninth Circuit has adopted a two-part analysis.  First, the court should consider whether the successful and unsuccessful claims are

sufficiently related such that the fee award may include time spent on unsuccessful claims. If so, the court must, second, consider the relationship between the significance of the relief obtained and the total hours expended in obtaining that relief. *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 901-902 (9th Cir. 1995).

In 2001, this court held that Defendants Brian and Sandra Hall were entitled to attorney fees as the prevailing party on Noel's state law wiretap claims and concluded that twenty-five percent of the total fees claimed could be attributed to those claims. Lennartz argues that this stands as the law of the case in two respects: (1) Defendants are entitled to fees with respect to the state law wiretap claim and (2) twenty-five percent of the total fee should be apportioned to that claim. A review of the complaint reveals that Noel asserted all or substantially all of the same claims against Lennartz as against Brian and Sandra Hall. Accordingly, the court need not depart from its prior holding that success on the state wiretap claim creates an entitlement to fees or from its prior determination that twenty-five percent of fees should be apportioned to the wiretap claims.

A.    *Rates Charged*

Lennartz seeks fees for the work performed by three attorneys, Kraemer, B. Andrew Jones ("Jones"), and Mark Sherman ("Sherman"), at the hourly rates of $169.55, $150, and $160, respectively. Lennartz argues that these hourly rates are within the average rates set forth in the Oregon State Bar's 2007 Economic Survey. Although a more recent survey now is available,[1] the court will refer to the 2007 survey for the average hourly rates reported at the time the representation took place.

Kraemer has been licensed to practice law in Oregon since 1988 and thus has more than

---

[1] *See* Oregon State Bar 2012 Economic Survey.

twenty years of experience in civil trial practice.  The average billing rate for a Portland private practice attorney admitted to practice in Oregon for more than twenty years is $277 per hour.  The average rate for a civil litigator in Portland is $249 per hour.  The rate sought by Kraemer, $169.55 per hour, is well below the average rates for this type of work and the court therefore finds it a reasonable rate.

Jones has been licensed to practice law since 2004 and has been licensed in Oregon since 2009, and has worked both in private practice and municipal government.  At the time he performed the legal work on Lennartz's behalf, he was working in private practice, with approximately six or seven years of legal experience.  The average billing rate for a Portland private practice attorney admitted to practice in Oregon for four to six years is $188 per hour; the average for seven to nine years is $239.  The average rate for a civil litigator in Portland is $249 per hour.  The rate sought by Jones, $150 per hour, is below the average rates for this type of work and the court therefore finds it a reasonable rate.

Sherman has been licensed to practice in Oregon since 2009 and, at the time he provided the services in question, had approximately 3 years of practice experience.  The average billing rate for a Portland private practice attorney admitted to practice in Oregon for zero to three years is $177 per hour.  The average rate for a civil litigator in Portland is $249 per hour.  The rate sought by Sherman, $160 per hour, is less than the average rate for work of this type and the court therefore finds it a reasonable rate.

B.    *Hours Claimed*

The court notes at the outset that it is well-established in this circuit that the number of hours

expended not only must be reasonable but also must be adequately documented. *See, e.g., In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 941 (9th Cir. 2011) ("The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer."); *Welch*, 480 F.3d at 948 (district court has authority to decrease the number of reasonable hours claimed where hours are insufficiently documented). Additionally, this district has specifically cautioned against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices greatly hinder the court's ability to assess the reasonableness of the time expended. *See* U.S. District Court, Message from the Court Regarding Attorney Fee Petitions, http://www.ord.uscourts.gov/index.php?option=com_content&view=article&id=355&Itemid=533 (last updated February 6, 2013); *see also Sterling Savings Bank v. Sequoia Crossing, LLC*, No. 3:09-cv-555-AC, 2010 U.S. Dist. LEXIS 82039 at *14 (D. Or. Aug. 11, 2010) (block-billing "is in direct contravention of the court's instruction that 'members of the bar record time on particular individual tasks and support their fee petition with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task.'" (citation omitted)).

Although cautioning against this practice, the court may excuse this method when the billing period is no more than three hours. *See Sterling Savings Bank*, 2010 U.S. Dist. LEXIS 82039 at *15 ("[W]hile billing periods of three hours or more may be subject to exclusion, the court is more lenient with smaller blocks of time, which it may divide by the total number of included tasks in order to find the length of time required for each individual task." (citing *Frevach Land Co. v.*

FINDINGS AND RECOMMENDATION          10                              {KPR}

*Multnomah County Dept. of Envtl. Servs.*, No. 3:99-cv-1295-HU, 2001 U.S. Dist. LEXIS 22255 at *34 (D. Or. Dec. 18, 2001)). Based upon a careful review of those entries, the court will allow block-billed entries under three hours in this case.

Accordingly, the block-billed time requested over the three-hour maximum will be reduced by fifty percent. Such a reduction is warranted because the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended. *See Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011) ("The fee award may be reduced if [plaintiff's] renewed request is supported only by block-billing statements of the relevant activity, although a fee award cannot be denied on this basis.").

1.    Jones

The court awards substantially all of the fees requested by Jones. The billing entries are extremely detailed and contain only one instance of block-billing. Furthermore, the amount of time awarded, 96.2 hours, is reasonable in light of the complexity of the task and volume of materials submitted. Noel filed two separate motions for partial summary judgment against Lennartz, and Lennartz filed a cross-motion for summary judgment. The briefing and evidentiary materials were extensive, Noel having alleged numerous and diverse claims against Lennartz. Accordingly, the hours expended by Jones were reasonable.

The court disallows some of the requested fees, however, in the amount of 4.3 hours. These fees are primarily attributed to communications with counsel for Lennartz's codefendants and review of the codefendants' materials and filings. Although communication with counsel for a codefendant is a normal part of litigation with multiple parties, it is not clear that these communications were necessary for representation of Lennartz, or that their award would not be

duplicative of fees sought by the codefendants. The court thus declines to award fees as follows: 0.6 hours on October 12, 2009; 0.6 hours on October 13, 2009; 0.1 hours on October 15, 2009; 0.1 hours on October 24, 2009; 0.1 hours on November 2, 2009; 0.1 hours on November 6, 2009; 0.2 hours on January 8, 2010; 0.1 hours on January 13, 2010; 0.2 hours on January 19, 2010; 0.1 hours on February 10, 2010; 0.2 hours on February 18, 2010; 0.2 hours on February 19, 2010; 0.2 hours on February 22, 2010; 0.1 hours on August 20, 2010; 0.1 hours on September 7, 2010; 0.1 hours on September 13, 2010; 0.1 hours on October 14, 2010; 0.1 hours on October 22, 2010; 0.1 hours on October 29, 2010; 0.2 hours on November 8, 2010; and 0.2 hours on February 18, 2011. The court also disallows fees for block-billing in the manner described above. Accordingly, the court awards only 3.5 hours for the entry dated August 29, 2010, reducing the amount requested by 0.5 hours.

Accordingly, the court awards fees for 96.2 hours billed by Jones.

2.    Kraemer

Kraemer seeks a total of 20.1 hours in time expended defending Lennartz. The court grants the majority of this request based on detailed billing entries and the absence of block-billing. The billing statement reveals that Kraemer was the primary court contact on this case and that he oversaw the work of Jones and Sherman. As such, the court deems the 16.2 hours a reasonable expenditure of time over the course of approximately three years of legal work. The court disallows 3.9 hours, however, on two bases: first, Kraemer seeks fees for communications with unidentified people and, second, he seeks fees for communications with counsel for codefendants, which are disallowed for the reasons articulated above. Accordingly, the court declines to award fees as follows: 0.1 hours on April 26, 2009; 0.2 hours on June 12, 2009; 0.2 hours on July 12, 2009; 0.2 hours on July 31, 2009; 0.2 hours on October 1, 2009; 0.1 hours on October 22, 2009; 0.1 hours on

November 2, 2009; 0.1 hours on November 3, 2009; 0.2 hours on November 6, 2009; 0.1 hours on November 12, 2009; 0.2 hours on November 25, 2009; 0.1 hours on December 4, 2009; 0.1 hours on January 29, 2010; 0.2 hours on Februsry 18, 2010; 0.1 hours on May 17, 2010; 0.2 hours on June 13, 2010; 0.1 hours on July 18, 2010; 0.1 hours on November 22, 2010; 0.2 hours on May 3, 2012; 0.1 hours on June 10, 2012; and 1.0 hours on July 10, 2012.

Accordingly, the court awards fees for 16.2 hours billed by Kraemer.

3.    Sherman

Sherman seeks a total of 37.8 hours in time expended defending Lennartz.  Sherman began work on the case in 2012 with the primary task of drafting a response to Noel's objections to this court's April 27, 2012, Findings and Recommendation on the summary judgment motions. Sherman's billing entries are relatively specific, though many refer only generally to reviewing the objections and drafting a response.  However, in light of the length of the court's ruling and the complexity of Noel's objections, the amount of time spent is reasonable to comprehensively respond to same.  The court, however, declines to grant fees for communications with counsel for codefendants, for which Sherman seeks fees for 0.1 hours on June 11, 2012.  Sherman's billing statement also contains three instances of block-billing, on June 18, 19, and 26, 2012.  As above, the amount over three hours will be reduced by half, for a total reduction of 2.65 hours.

Accordingly, the court awards fees for 35.05 hours billed by Sherman.

C.    *Total Fees*

The court awards attorney fees to Lennartz consistent with this chart:

| Attorney | Rate | Hours | Sub-Total | Reduction | Total |
|---|---|---|---|---|---|
| Jones | 150.00 | 96.2 | 14,430.00 | (.25) | 3,607.50 |
| Kraemer | 169.55 | 16.2 | 2,746.71 | (.25) | 686.68 |
| Sherman | 160.00 | 35.05 | 5,608 | (.25) | 1,402.00 |
| | | | | | |
| **GRAND TOTAL:** | | | | | **5,696.18** |

### Conclusion

For the reasons stated, Lennartz's Motion for Award of Attorney Fees (#492) should be granted in part and denied in part.  An award of fees should be entered in the amount of $5,696.18.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due September 23, 2013.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of September, 2013.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge


FINDINGS AND RECOMMENDATION        14                    {KPR}